IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA WILLIS STEELE, | ) |
| Plaintiff, | ) |
| and | ) Cause No. 07C-6440 |
| APL LOGISTICS, | ) |
| and | ) |
| STEPHEN MCELRATH | ) |
| Defendants. | ) |

**DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE**
**MOTION FOR ABSTENTION**

Defendant APL Logistics Warehouse Management Services, Inc. ("APL") (incorrectly named in this matter as APL Logistics), by and through its attorneys, files its Motion to Dismiss or in the alternative Motion for Abstention, and in support thereof states:

1. APL files this Motion to Dismiss or in the alternative Motion for Abstention based on Plaintiffs blatant waste of judicial resources by filing duplicative actions and failing to exhaust her administrative remedies.

2. On May 18, 2006, Plaintiff dual filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") and selected the IDHR as the agency for processing the charge of discrimination.

3. On May 23, 2007, Plaintiff filed a Complaint with the Illinois Human Rights Commission which included by incorporation all of the claims from Plaintiff's original and amended Charges of Discrimination, including claims for harassment based on sex and race, as well as a claim for retaliation.

4. Plaintiff then requested and received a Right to Sue letter from the EEOC which was issued on July 6, 2007.

5. On October 4, 2007, Plaintiff filed an action in Illinois circuit court setting out claims for Quid Pro Quo Sexual Harassment (Count I), Hostile Environment Sexual Harassment (Count II), and Gender Discrimination (Count III).

6. Plaintiff's Complaint should be dismissed because she has failed to exhaust her administrative remedies.

7. As the Illinois Human Rights Act (the "Act") states: "except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." (775 ILCS 5/8-111(C)).

8. This provision of the Act has been universally interpreted by Illinois courts to require a complainant to exhaust all administrative remedies _prior_ to bringing an action in civil court.

9. There are also strong public policy considerations that support either a dismissal of Plaintiff's Complaint or in the alternative an abstention of this matter. With its comprehensive scheme of remedies and administrative procedures, the Act was intended to be the exclusive source for the redress of alleged human rights violations. To allow litigants to circumvent the Act by prematurely bringing an action in civil court would effectively rewrite the Act and make the Department of Human Rights obsolete. This was clearly not the intent of the legislature.

10. As the courts do not have original jurisdiction over these claims and Complainant has failed to exhaust her administrative remedies her Complaint should be dismissed, or in the alternative, this matter should be stayed until Plaintiff exhausts her administrative remedies.

Wherefore, Defendant APL Logistics Warehouse Management Services, Inc. respectfully requests that this Court dismiss Plaintiff's claims in their entirety, or, in the alternative, abstain from hearing Plaintiff's claims until she has exhausted her administrative remedies.

Respectfully submitted,

BOBROFF, HESSE, LINDMARK
& MARTONE, P.C.


By: _____/s/ Andrew J. Martone_____
Andrew J. Martone, #06203524
1650 Des Peres Road, Suite 200
St. Louis, MO  63131
Tel:  (314) 862-0300
Fax:  (314) 862-7010
E-mail: anydmartone@bobroffhesse.com

Attorneys for Defendants
APL Logistics, Ltd. and Stephen McElrath


**CERTIFICATE OF SERVICE**

A copy of the foregoing was mailed, postage pre-paid, via U.S. Mail, this 14th day of November, 2007, to Mr. Mark A. Lichtenwalter, Spesia, Ayers & Ardaugh, 1415 Black Road, Joliet, IL 60435.


_____/s/ Andrew J. Martone_____