IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA WILLIS STEELE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| and | )   Cause No. 07C-6440 |
| | ) |
| APL LOGISTICS, | ) |
| | ) |
| and | ) |
| | ) |
| STEPHEN MCELRATH | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR ABSTENTION**

Defendants APL Logistics Warehouse Management Services, Inc. ("APL") (incorrectly named in this matter as APL Logistics), by and through its attorneys, files its Motion to Dismiss or in the alternative Motion for Abstention, and in support thereof states:

**INTRODUCTION**

On May 18, 2006, Plaintiff Erica Steele ("Plaintiff") dual filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff subsequently selected the IDHR as the agency for processing the charge of discrimination. Upon the completion of the IDHR investigation, the Plaintiff had the right to file a Complaint with the Illinois Human Rights Commission.

On May 23, 2007, Plaintiff filed a Complaint with the Illinois Human Rights Commission ("IHRC"). The Complaint included by incorporation all of the claims from Plaintiff's original and amended dual filed Charges of Discrimination. The Complaint included claims for harassment based on sex and race, as well as a claim for retaliation.

After Plaintiff filed her Complaint with the IHRC, she requested a Right to Sue letter from the EEOC. The EEOC issued a Right to Sue letter to Plaintiff on July 6, 2007.

On October 4, 2007, Plaintiff filed an action in Illinois circuit court setting out claims for Quid Pro Quo Sexual Harassment (Count I), Hostile Environment Sexual Harassment (Count II), and Gender Discrimination (Count III). In support of her claims, Plaintiff attached her Right to Sue Letter from the EEOC, as well as the original and amended Charges of Discrimination she dual filed with the IDHR and the EEOC. The Complaint filed with the IHRC remains pending.[1]

APL files this Motion to Dismiss or in the alternative Motion for Abstention based on Plaintiffs blatant waste of judicial resources by filing duplicative actions and failing to exhaust her administrative remedies. Plaintiff's Complaint should be dismissed in its entirety because she failed to exhaust her administrative remedies. As the Illinois Human Rights Act (the "Act") states: "except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." (775 ILCS 5/8-111(C)). This has been interpreted by the courts sitting in the state of Illinois to require a complainant to exhaust all administrative remedies prior to bringing an action in the Illinois courts. As the courts do not have original jurisdiction over these claims and Plaintiff has failed to exhaust her administrative remedies her Complaint should be dismissed.

There are also strong public policy considerations that support both a dismissal of Plaintiff's Complaint or in the alternative an abstention of this matter. The Act, with its comprehensive scheme of remedies and administrative procedures, was intended to be the exclusive source for the redress of alleged human rights violations. To allow litigants to circumvent the Act by bringing an action in an Illinois court would effectively rewrite the Act

---

[1] The Plaintiff has filed a Motion to Stay the matter pending before the Illinois Human Rights Commission in order to pursue her substantially similar claims filed in the circuit court.

and make the Department of Human Rights obsolete. This was clearly not the intent of the legislature. Accordingly, a dismissal, or in the alternative an abstention in this matter is supported by the clear public policy of the state.

## ARGUMENT

**I.    Plaintiff's Failure to Exhaust Her Administrative Remedies Requires Dismissal of Her Complaint.**

The Plaintiff has filed a Complaint alleging the same set of facts on which her IHRC Complaint is based. Under the Act, a complainant must first exhaust the extensive and comprehensive administrative remedies provided. These preemptive and exclusive remedies provide for an appeal to the Illinois circuit courts. The Plaintiff is not appealing an order of the Commission, rather she is merely attempting to circumvent the established and comprehensive process provided for by the Act. This matter should be dismissed for Plaintiff's failure to exhaust her administrative remedies.

The Illinois General Assembly clearly intended for the Act to be the preemptive and exclusive vehicle for the resolution of employment discrimination cases in Illinois when it provided: "Except as otherwise provided by law, no court of this state shall have jurisdiction on the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C). The Illinois Supreme Court has definitively found that by this language the legislature intended to avoid direct access to the courts for the redress of civil rights violations. Mein, at 7 ("It is clear the legislature intended the Act, with its comprehensive scheme of remedies and administrative procedures, to be the exclusive source for redress of alleged human rights violations.") The Act therefore limits the jurisdiction of Illinois courts by mandating that any party seeking to pursue a civil rights claim in Illinois must first exhaust the administrative remedies available under the Act (by filing a claim with the IHRC and proceeding with an IHRC

3

investigation and adjudication) before bringing an action in an Illinois circuit court. *See* 775 ILCS 5/8-111(C); Garcia v. Village of Mount Prospect, 360 F.3d 630, 640 (7th Cir. 2004); Cahoon v. Alton Packaging Corp., 148 Ill.App.3d 480, 482, 499 N.E.2d 522 (Ill.App. 5 Dist.,1986); Mein v. Masonite Corp., 124 Ill.App.3d 617, 619, 80 Ill.Dec. 154, 156, 464 N.E.2d 1137, 1139 (1984), *aff'd.* 109 Ill.2d 1, 7, 92 Ill.Dec. 501, 485 N.E.2d 312 (1985).[2]

This rule is applicable even to cases alleging federal civil rights claims. The Illinois courts have found that section 8-111(C) of the Act clearly sets out the Illinois legislature's plain directive that a civil rights claim be prosecuted in the administrative forum before it reaches the court, and that a complaint which invokes a federal claim is not entitled to preferential treatment in that regard. Cahoon v. Alton Packaging Corp., 148 Ill.App.3d 480, 101 Ill.Dec. 934, 499 N.E.2d 522, 524 (1986). The states and the federal government share concurrent jurisdiction over Title VII, § 1981, and § 1983 claims, thus cases alleging civil rights violations framed in terms of federal laws, are subject to the Act.. Garcia v. Village of Mount Prospect, 360 F.3d 630 (7th Cir. 2004); Faulkner-King v. Wicks, 226 Ill.App.3d 962, 168 Ill.Dec. 874, 590 N.E.2d 511, 517-518 (1992); appeal denied 176 Ill.Dec. 796, 146 Ill.2d 626, 602 N.E.2d 450, certiorari denied 113 S.Ct. 1384, 507 U.S. 960, 122 L.Ed.2d 760 (affirming Illinois trial court's dismissal based on lack of subject-matter jurisdiction over claims brought under U.S. Const. amend. XIV and 42 U.S.C. §§ 1983, 1985, 1986 (1988) because the claims are covered by the IHRA); Brewer v. Bd. of Trustees, 339 Ill.App.3d 1074, 274 Ill.Dec. 565, 791 N.E.2d 657 (2003) (expressly holding that Illinois circuit courts do not have original jurisdiction due to the IHRA exclusivity

---

[2] Cases explicitly alleging civil-rights violations under Illinois law are subject to the Act. *See,* Hicks v. Resolution Trust Corp., 738 F.Supp. 279 (N.D.Ill.1990); Mein v. Masonite Corp., 109 Ill.2d 1, 92 Ill.Dec. 501, 485 N.E.2d 312 (1985); *V*eazey v. LaSalle Telecomm., Inc., 334 Ill.App.3d 926, 268 Ill.Dec. 750, 779 N.E.2d 364 (2002); Lewis v. Collinsville Cmty. Unit Sch. Dist., 158 Ill.App.3d 411, 110 Ill.Dec. 722, 511 N.E.2d 899 (1987); Williams v. Naylor, 147 Ill.App.3d 258, 100 Ill.Dec. 912, 497 N.E.2d 1274 (1986); Manley v. City of Chicago, 236 F.3d 392, 397 (7th Cir.2001)("Clearly, a case brought under Illinois law and involving civil rights will be subject to the Act and must be brought before the IHRC.")

provision to hear claims of discrimination arising under federal statutes) (cert. petition pending); Cahoon v. Alton Packaging Corp., 148 Ill.App.3d 480, 101 Ill.Dec. 934, 499 N.E.2d 522, 524 (1986) (holding that a federal civil rights claim must be prosecuted under the same procedure applicable to a state civil-rights claim). As a federal civil rights claim must be prosecuted under the same procedure applicable to a state civil rights claim, the administrative process under the Act must be fully exhausted before a court can exercise jurisdiction over these claims.

Further, Plaintiff's quid pro quo sexual harassment claim is not properly before this Court because Plaintiff failed to allege such claims in her EEOC Charge of Discrimination. By failing to bring these claims in her Charge of Discrimination she has failed to exhaust her administrative remedies. Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges made to the EEOC. Harper v Godfrey Co., 45 F.3d 143, 147-148 (7th Cir. 1995), *superseded on other grounds by* 42 U.S.C. § 1981(b); Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir.1994). It is a condition precedent that Title VII plaintiffs must satisfy. Harper v Godfrey Co., 45 F.3d 143, 147-148 (7th Cir. 1995); Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir.1994) (citing Babrocky v. Jewel Food Co., 773 F.2d 857, 864 (7th Cir.1985)). The exhaustion requirement serves two purposes: it provides the EEOC with an opportunity to settle the parties' disputes and puts the employer on notice of the charges against it. Harper, 45 F.3d at 148.

A plaintiff may bring claims not asserted in an EEOC charge only if two conditions are met: (1) the claims are like or reasonably related to allegations in the EEOC charge; and (2) the claims reasonably can be expected to grow out of allegations made in the EEOC charge. Id. at 1111. *See also* Cheek, 31 F.3d at 500; Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir.1976) (en banc), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976).

Harper, 45 F.3d at 148. "The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." Cheek, 31 F.3d at 501 (emphasis in original). Plaintiff's EEOC charge clearly states that her claim is premised on hostile environment, and no facts indicating quid pro quo sexual harassment are included in the charge. Plaintiff's quid pro quo sexual harassment claims cannot meet the Jenkins test where the claims stated in the EEOC charge are hostile environment claims. There is no reasonable relationship between the allegations of discrimination in her EEOC charge and the quid pro quo allegations set out in her Complaint.

The Act provides a full and fair opportunity to litigate claims under Illinois law. The Illinois courts, state or federal, have no jurisdiction to hear direct independent actions for civil rights violations such as set forth by Plaintiff. Further, other than Plaintiff's new claim against her supervisor, which is not viable, these are exactly the same dual filed claims being processed through the Act's administrative remedies. As such they are subject to the exclusive and comprehensive remedies provided for under the Act. The Illinois courts have repeatedly and consistently held that that where as here a Plaintiff attempts to bring a state or federal court action based on civil rights violations without first exhausting administrative remedies the plain language of the Act clearly requires the Illinois court to dismiss such action.

## II. This Court Should Apply the *Colorado River* Abstention Doctrine to this Duplicative Action.

The United States Supreme Court in Colorado River Water Conservation District, et al. v. United States, 424 U.S. 800; 96 S. Ct. 1236; 47 L. Ed. 2d 483 (1976) created a doctrine of abstention designed to prevent duplicative litigation between state and federal courts. Under the Colorado River abstention doctrine, a federal district court may abstain out of deference to state

6

proceedings, in order to avoid duplicative or piecemeal litigation. It is utilized where parallel litigation is being carried out, particularly where federal and state court (or, as here, state administrative) proceedings are simultaneously being carried out to determine the rights of parties with respect to the same questions of law. The Illinois Human Rights Act provides a full and fair opportunity to litigate claims under Illinois law. Plaintiff dual filed her claims with the IDHR and the EEOC and selected the IDHR to process her claims. Thus, Planitiff's claims in this matter are exactly the same claims being processed through the Act's administrative remedies.

In order to decide whether the Colorado River doctrine applies to a particular case, the court must first determine whether the concurrent state and federal lawsuits are parallel. TruServ Corporation v. Flegles, Inc., 419 F.3d 584, 591 (7th Cir. 2005). If concurrent proceedings are parallel, the court can reach the merits of a motion to stay a federal case in favor of a pending state court action. Id. at 592. A "suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum," Id.; Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1288 (7th Cir. 1988). The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case. TruServ, at 592. The parties and issues in Plaintiff's IHRC and federal court claims are substantially the same.

As Plaintiff's two actions are parallel, the next step is to review the factors set out in Colorado River and the subsequent Illinois court decisions. Colorado River listed two factors which are directly applicable here: (1) the desirability of avoiding piecemeal litigation, and (2) the order in which jurisdiction was obtained in the concurrent forum. *Id.* at 818. The Illinois Courts have outlined an expansion of the factors originally set out in Colorado River. Ten

factors have been identified as relevant to this determination: 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim. TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 592 n. 2 (7th Cir.2005) (*citing* Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc., 962 F.2d 698, 701 (7th Cir.1992); Interstate Material Corp. v. City of Chicago, 847 F.2d 1285 (7th Cir.1988). Most of these factors weigh in favor of abstention.

The two Colorado River factors (1) the desirability of avoiding piecemeal litigation, and (2) the order in which jurisdiction was obtained in the concurrent forum clearly favor abstention. Except for Plaintiff's new claims against her supervisor, Defendant McElrath, which were not asserted in her Charge of Discrimination and which are not viable, Plaintiff's claims in both actions are derived from her Charge of Discrimination which was dual filed with the IDHR and EEOC. Thus, in resolving the issues before them, both the IHRC and this Court will address the same issues and alleged incidents and ultimately determine whether or not Plaintiff was harassed because of her sex or race. Allowing both cases to proceed would lead to duplicative effort and potentially conflicting results.

Several of the additional factors established by the Illinois courts also favor abstention in this matter. The IHRC obtained jurisdiction first in both time of filing and under the provisions of the Act. The IHRC has jurisdiction over all of the claims raised by Plaintiff in this action. Although Plaintiff alleges Title VII claims based on federal statute, the state administrative

8

proceedings have been established to address such claims. The state and the federal governments share concurrent jurisdiction over Title VII, § 1981, and § 1983 claims, thus cases alleging civil rights violations framed in terms of federal laws, are subject to the Act. <u>Garcia v. Village of Mount Prospect</u>, 360 F.3d 630 (7th Cir. 2004). Clearly, the procedures established by the Illinois legislature and upheld by the state and federal courts of Illinois are sufficient to protect the Plaintiff's rights. Plaintiff can find complete protection of her rights in the state administrative proceedings which include the right to an appeal in state court. Finally, Plaintiff's Complaint is nothing more than a transparent attempt to circumvent the procedures set out in the Act, which directly calls out factor ten - the vexatious or contrived nature of the federal litigation.

Plaintiff's claims are subject to the exclusive remedies provided under the Act. Under such circumstances, it makes little sense for two courts to expend the time and effort to achieve a resolution of the same question. The <u>Colorado River</u> abstention doctrine is prudential and discretionary, and is based on the desire to avoid wasteful duplication of litigation. In this matter, judicial economy is best served by an abstention, or stay, of this federal claim and should be applied to these two identical actions until the action is resolved in state proceedings before the IHRC. The principles of judicial administration dictate this Court's application of the Colorado River abstention doctrine.

### III. **Plaintiff's Attempt at Forum Shopping is Against Public Policy and a Waste of Judicial Resources.**

By filing her Complaint with the Commission and then proceeding to file a Complaint in Illinois circuit court before the Commission has issued its ruling, the Plaintiff is attempting to circumvent the administrative procedure of the Act and engage in a blatant attempt to "forum shop." Because the plain language of the Act and Illinois case law clearly require the Illinois

9

circuit court to dismiss her Complaint, Plaintiff's actions in attempting to circumvent the Commission and proceed before the Illinois circuit court is a blatant waste of judicial resources. Forum shopping is against the public policy of the State of Illinois. See Merritt v. Goldenberg, 362 Ill.App.3d 902, 841 N.E.2d 1003 (Ill.App. 5 Dist. 2005)("A plaintiff's use of forum-shopping to suit his individual interests is a strategy contrary to the purposes behind the venue rules and is against Illinois's public policy."); Czarneck v. Uno-Ven Co., 339 Ill.App.3d 504, 791 N.E.2d 164 (Ill.App. 1 Dist., 2003)(Plaintiff's decision to voluntarily dismiss claim on the brink of trial and subsequently refile nearly identical claim in another county strongly inferred impermissible forum shopping and "forum shopping is a driving concern of the supreme court's *forum non conveniens* jurisprudence.")

In addition to the public policy against forum shopping, there is well-settled policy underlying the exhaustion of administrative remedies doctrine. In Beahringer v. Page, 204 Ill.2d 363, 789 N.E.2d 1216 (Ill. 2003), the Illinois Supreme Court stated:

> "Among the policy considerations underlying the exhaustion doctrine are that it allows the agency to fully develop and consider the facts of the cause and to utilize its expertise; it protects the agency processes from impairment by avoidable interruptions; it gives the aggrieved party the opportunity to succeed before the agency; and it allows the agency to correct its own errors, thus conserving valuable judicial resources." Beahringer v. Page, 204 Ill.2d 363, 789 N.E.2d 1216 at 1225, citing Schwanke, 241 Ill.App.3d at 749, 182 Ill.Dec. 120, 609 N.E.2d 654; see also Union Bank, 254 Ill.App.3d at 208-09, 194 Ill.Dec. 269, 627, N.E.2d 385.[3]

These policy considerations, coupled with the public policy of the Illinois courts to avoid forum shopping and the abuse of judicial resources, lend further support to the plain language of

---

[3] See also Castanada v. Illinois Human Rights Commission, 132 Ill.2d 304, 547 N.E.2d 437 (Ill. 1989); Northern Trust Co. v. County of Lake, 353 Ill.App.3d 268, 818 N.E.2d 389 (Ill.App. 2 Dist. 2004); Village of South Elgin v. Waste Management of Illinois, 348 Ill.App.3d 929, 810 N.E.2d 658 (Ill.App. 2 Dist. 2004).

the Act that Plaintiff must exhaust her administrative remedies before pursuing her Complaint in court. A complainant cannot seek to bypass or terminate the administrative process even if there is a clear indication that the agency will rule adversely. AHE Construction, Inc. v. State of Illinois Department of Labor, 318 Ill.App.3d 1158, 743 N.E.2d 1102, 252 Ill.Dec. 946 (Ill.App. 3 Dist. 2001), citing Dock Club v. Illinois Liquor Control Comm'n, 83 Ill.App.3d 1034, 39 Ill.Dec. 459, 404 N.E.2d 1050. The Plaintiff cannot avoid the exhaustion of remedies requirement simply because the relief she seeks may be denied by the Commission. AHE Construction Inc., citing Northwestern University v. City of Evanston, 74 Ill.2d 80, 23 Ill.Dec. 93, 383 N.E.2d 964 (1978). Further, if Plaintiff were to succeed before the Commission, it would obviate the need for judicial involvement at all and therefore conserve valuable judicial resources. Northern Trust Co. v. County of Lake, 353 Ill.App.3d 268, 818 N.E.2d 389 (Ill.App.2 Dist. 2004) citing Village of South Elgin, 348 Ill.App.3d at 935, 284 Ill.Dec. 868, 810 N.E.2d 658. If Plaintiff is unsuccessful before the Commission, she may then appeal the decision to the Illinois circuit court and is therefore not being deprived of her right to have this matter heard before the Illinois courts.

## CONCLUSION

Because the Plaintiff has not exhausted her administrative remedies as required by the Act, to allow her to proceed at this time before the Illinois circuit court would not promote the orderly administration of justice and judicial economy and it is in violation of Illinois public policy and the Act itself. For the foregoing reasons, Plaintiff's Complaint should be dismissed, or in the alternative the court should abstain from hearing this matter.

Respectfully submitted,

BOBROFF, HESSE, LINDMARK
& MARTONE, P.C.


By:  ____/s/ Andrew J. Martone_____

Andrew J. Martone, #06203524
1650 Des Peres Road, Suite 200
St. Louis, MO  63131
Tel:  (314) 862-0300
Fax:  (314) 862-7010
E-mail: anydmartone@bobroffhesse.com

Attorneys for Defendants
APL Logistics, Ltd. and Stephen McElrath


**CERTIFICATE OF SERVICE**

A copy of the foregoing was mailed, postage pre-paid, via U.S. Mail, this 14th day of November, 2007, to Mr. Mark A. Lichtenwalter, Spesia, Ayers & Ardaugh, 1415 Black Road, Joliet, IL 60435.


_____/s/ Andrew J. Martone_____