IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA WILLIS STEELE, | ) |
| Plaintiff, | ) |
| | ) Cause No. 07C-6440 |
| and | ) |
| APL LOGISTICS, | ) |
| and | ) |
| STEPHEN MCELRATH | ) |
| Defendants. | ) |

## DEFENDANT STEPHEN MCELRATH'S MOTION TO DISMISS

Defendant Stephen McElrath ("Defendant McElrath"), by and through his attorneys, pursuant to Federal Rule of Procedure 12(b)(6) files his Motion to Dismiss for failure to state a claim upon which relief can be granted, and in support thereof states:

1. On May 18, 2006, Plaintiff dual filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") and selected the IDHR as the agency for processing the charge of discrimination.

2. On May 23, 2007, Plaintiff filed a Complaint with the Illinois Human Rights Commission which included by incorporation all of the claims from Plaintiff's original and amended Charges of Discrimination, including claims for harassment based on sex and race, as well as a claim for retaliation.

3. Plaintiff then requested and received a Right to Sue letter from the EEOC which was issued on July 6, 2007.

4. On October 4, 2007, Plaintiff filed an action in Illinois circuit court setting out claims for Quid Pro Quo Sexual Harassment (Count I), Hostile Environment Sexual Harassment (Count II), and Gender Discrimination (Count III).

5. Plaintiff's claims included a claim against Defendant McElrath for Quid Pro Quo Sexual Harassment.

6. Plaintiff has alleged claims seeking individual liability against her former supervisor Defendant McElrath under Title VII.

7. Defendant McElrath is a citizen of Illinois, who was fraudulently joined in this action by Plaintiff in an attempt to circumvent this Court's jurisdiction.

8. There is no individual liability under Title VII of the Civil Rights Act as a matter of law because a supervisor, in his or her individual capacity, does not fall within Title VII's definition of employer. Molnar v. Booth, 229 F.3d 593, 599 (7th Cir. 2000); Sattar v. Motorola, Inc., 138 F.3d 1164, 1168 (7th Cir. 1998); Williams v Banning, 72 F.3d 552, 555 (7th Cir. 1995).

9. Further, Plaintiff's claim of Quid Pro Quo Sexual Harassment was not alleged in either her original or amended dual filed Charge of Discrimination.

10. Generally, a plaintiff may not bring claims under Title VII that were not originally brought among the charges made to the EEOC. Harper v Godfrey Co., 45 F.3d 143, 147-148 (7th Cir. 1995).

11. Accordingly, Plaintiff's Quid Pro Quo Sexual Harassment claim against Defendant McElrath is barred.

12. For the foregoing reasons, Plaintiff's claims against Defendant McElrath should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Wherefore, Defendant Stephen McElrath respectfully requests that this Court dismiss all of Plaintiff's claims against Defendant Stephen McElrath.

Respectfully submitted,

BOBROFF, HESSE, LINDMARK
& MARTONE, P.C.


By: _____/s/ Andrew J. Martone_____

Andrew J. Martone, #06203524
1650 Des Peres Road, Suite 200
St. Louis, MO  63131
Tel:  (314) 862-0300
Fax:  (314) 862-7010
E-mail: anydmartone@bobroffhesse.com

Attorneys for Defendants
APL Logistics, Ltd. and Stephen McElrath


## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed, postage pre-paid, via U.S. Mail, this 14th day of November, 2007, to Mr. Mark A. Lichtenwalter, Spesia, Ayers & Ardaugh, 1415 Black Road, Joliet, IL 60435.


_____/s/ Andrew J. Martone_____