IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA WILLIS STEELE, | ) |
| Plaintiff, | ) |
| and | ) Cause No. 07C-6440 |
| APL LOGISTICS, | ) |
| and | ) |
| STEPHEN MCELRATH | ) |
| Defendants. | ) |

## DEFENDANT STEPHEN MCELRATH'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Stephen McElrath ("McElrath"), by and through his attorneys, files his Memorandum in Support of his Motion to Dismiss, and in support thereof states:

## INTRODUCTION

On May 18, 2006, Plaintiff Erica Steele ("Plaintiff") dual filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff subsequently selected the IDHR as the agency for processing the charge of discrimination. Upon the completion of the IDHR investigation, the Plaintiff had the right to file a Complaint with the Illinois Human Rights Commission.

On May 23, 2007, Plaintiff filed a Complaint with the Illinois Human Rights Commission ("IHRC"). The Complaint included by incorporation all of the claims from Plaintiff's original and amended dual filed Charges of Discrimination. The Complaint included claims for harassment based on sex and race, as well as a claim for retaliation.

After Plaintiff filed her Complaint with the IHRC, she requested a Right to Sue letter from the EEOC. The EEOC issued a Right to Sue letter to Plaintiff on July 6, 2007.

On October 4, 2007, Plaintiff filed an action in Illinois circuit court setting out claims for Quid Pro Quo Sexual Harassment (Count I), Hostile Environment Sexual Harassment (Count II), and Gender Discrimination (Count III). In support of her claims, Plaintiff attached her Right to Sue Letter from the EEOC, as well as the original and amended Charges of Discrimination she dual filed with the IDHR and the EEOC. The Complaint filed with the IHRC remains pending.[1]

Count I of Plaintiff's Complaint asserts a claim of Quid Pro Quo Sexual Harassment against both APL Logistics and McElrath. These claims are barred as to both Defendants because Plaintiff's claim of Quid Pro Quo Sexual Harassment was not alleged in either her original or amended dual filed Charge of Discrimination. Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges made to the EEOC. Harper v Godfrey Co., 45 F.3d 143, 147-148 (7th Cir. 1995). Accordingly, Plaintiff's Quid Pro Quo Sexual Harassment claim is barred by her failure to exhaust her administrative remedies on that claim.

Plaintiff's claim against Defendant McElrath is also not viable. Plaintiff alleges Defendant McElrath is liable under Title VII based on his supervisory status. McElrath is a citizen of Illinois who was fraudulently joined in this action by Plaintiff in an attempt to circumvent this Court's jurisdiction. There is no individual liability under Title VII of the Civil Rights Act as a matter of law because a supervisor, in his or her individual capacity, does not fall within Title VII's definition of employer, therefore Plaintiffs claims against McElrath are not viable. Defendant McElrath's Motion to Dismiss should be granted.

---

[1] The Plaintiff has filed a Motion to Stay the matter pending before the Illinois Human Rights Commission in order to pursue her substantially similar claims filed in the circuit court.

**ARGUMENT**

I. **Plaintiff Failed to Exhaust Her Administrative Remedies When She Failed to Assert Her Claims in the EEOC Charge of Discrimination.**

Plaintiff's quid pro quo sexual harassment claim is not properly before this Court because Plaintiff failed to allege such claims in her Charge of Discrimination which was dual filed with the IDHR and the EEOC. By failing to bring these claims in her Charge of Discrimination she has failed to exhaust her administrative remedies. Generally, a plaintiff may not bring claims under Title VII that were not originally brought among the charges made to the EEOC. Harper v Godfrey Co., 45 F.3d 143, 147-148 (7th Cir. 1995), *superseded on other grounds by* 42 U.S.C. § 1981(b); Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir.1994). It is a condition precedent that Title VII plaintiffs must satisfy. Harper v Godfrey Co., 45 F.3d 143, 147-148 (7th Cir. 1995); Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir.1994) (citing Babrocky v. Jewel Food Co., 773 F.2d 857, 864 (7th Cir.1985)). The exhaustion requirement serves two purposes: it provides the EEOC with an opportunity to settle the parties' disputes and puts the employer on notice of the charges against it. Harper, 45 F.3d at 148.

A plaintiff may bring claims not asserted in an EEOC charge only if two conditions are met: (1) the claims are like or reasonably related to allegations in the EEOC charge; and (2) the claims reasonably can be expected to grow out of allegations made in the EEOC charge. Id. at 1111. *See also* Cheek, 31 F.3d at 500; Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir.1976) (en banc), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976). Harper, 45 F.3d at 148. "The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals.*" Cheek, 31 F.3d at 501 (emphasis in original).

Plaintiff's Charge of Discrimination clearly states that her claim is premised on hostile environment, and no facts indicating quid pro quo sexual harassment are included in the charge. Plaintiff's quid pro quo sexual harassment claims cannot meet the Jenkins test where the claims stated in the EEOC charge are hostile environment claims. There is no reasonable relationship between the allegations of discrimination in her Charge of Discrimination and the quid pro quo allegations set out in her Complaint. Plaintiff failed to assert in her Charge of Discrimination even one single fact of the many she now asserts in her Complaint which alleged quid pro quo sexual harassment.

## II.     **Plaintiff's Claims Fail Because There is No Individual Liability Under Title VII.**

Plaintiff has alleged McElrath, her former supervisor, is liable under Title VII for quid pro quo sexual harassment based on his supervisory status. Plaintiff's inclusion of these claims in her Complaint is a blatant attempt to circumvent this court's jurisdiction based on diversity by fraudulently joining a non-diverse party. Plaintiff, however cannot establish a cause of action against in-state Defendant McElrath because a supervisor is not liable in his individual capacity under Title VII.

There is no individual liability under Title VII of the Civil Rights Act as a matter of law because a supervisor, in his or her individual capacity, does not fall within Title VII's definition of employer. Molnar v. Booth, 229 F.3d 593, 599 (7th Cir. 2000); Sattar v. Motorola, Inc., 138 F.3d 1164, 1168 (7th Cir. 1998); Williams v Banning, 72 F.3d 552, 555 (7th Cir. 1995). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees … and any agent of such person[.]" 42 U.S.C. §2000e(b). An employer's liability for a supervisor's conduct in these cases is determined under agency principles, not against the supervisor as an individual. Molnar, 229 at 599. Because a supervisor does not, in his

4

individual capacity, fall within Title VII's definition of employer, Plaintiff can state no set of facts which would enable her to recover under the statute.

For the foregoing reasons, Plaintiff's Complaint as to Defendant McElrath should be dismissed.

Respectfully submitted,

BOBROFF, HESSE, LINDMARK
& MARTONE, P.C.


By: ____/s/ Andrew J. Martone_____

Andrew J. Martone, #06203524
1650 Des Peres Road, Suite 200
St. Louis, MO  63131
Tel:  (314) 862-0300
Fax:  (314) 862-7010
E-mail: anydmartone@bobroffhesse.com

Attorneys for Defendants
APL Logistics, Ltd. and Stephen McElrath


**CERTIFICATE OF SERVICE**

A copy of the foregoing was mailed, postage pre-paid, via U.S. Mail, this 14th day of November, 2007, to Mr. Mark A. Lichtenwalter, Spesia, Ayers & Ardaugh, 1415 Black Road, Joliet, IL 60435.

_____/s/ Andrew J. Martone_____