IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA WILLIS STEELE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 07C-6440 |
| APL LOGISTICS, and STEPHEN MCELRATH, | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF ERICA WILLIS STEELE'S RESPONSE
TO DEFENDANT APL LOGISTICS' MOTION TO DISMISS
OR IN THE ALTERNATIVE MOTION FOR ABSTENTION**

NOW COMES the Plaintiff, ERICA WILLIS STEELE, by and through her attorneys, SPESIA, AYERS & ARDAUGH, and for her Response to Defendant APL Logistics' Motion to Dismiss or in the Alternative Motion for Abstention, states as follows:

1.  On May 18, 2006, Plaintiff Erica Willis Steele ("Steele") filed charges of sexual harassment, harassment on the basis of race, retaliation, and racial discrimination with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC).

2.  On May 23, 2007, Steele filed her Complaint of Civil Rights Violation with the Illinois Human Rights Commission (IHRC). (Exhibit "A").

3.  Steele received a Notice of Right to Sue from the EEOC on July 9, 2007. (Exhibit "B").

4. On October 4, 2007, Steele filed her Complaint at Law in Will County, Illinois, which was removed to the Northern District of Illinois by Defendant on November 14, 2007.

5. Steele Filed a Motion to Stay with the IHRC on October 8, 2007, which was granted by Judge Michael J. Evans on December 11, 2007, to allow Steele to pursue her federal cause of action.

6. As the IHRC has stayed Steele's action, APL's Motion to Dismiss or Stay on the grounds of the doctrine of administrative exhaustion is now moot. The IHRC has determined that the Northern District of Illinois is the appropriate forum for this cause of action.

7. Steele is a private employee; therefore, the procedural requirements of Title VII are applicable, and do not require complete exhaustion of the state administrative process before initiating federal proceedings. Steele has diligently followed the procedural requirements of Title VII.

8. Steele's claim of quid pro quo sexual harassment (Count I) is properly before this Court because it was sufficiently described in the charge filed with the EEOC. The EEOC charge of sexual harassment described the same conduct and implicated the same individuals as Steele's Complaint at Law.

9. Defendant APL may be found vicariously liable for **any** type of sexual harassment committed by a supervisory agent. The United States Supreme Court has declared that the type of harassment alleged, whether hostile environment or quid pro quo, is not controlling for purposes of determining employer liability. *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 765 (1998). Therefore, Steele's more specific

2

claim of quid pro quo sexual harassment contained in her Complaint at Law may be heard by this Court.

10. Even if Defendant Stephen McElrath may not be held personally liable for quid pro quo sexual harassment, Defendant APL may be found liable for the charge through agency principles. As Steele named McElrath "Individually and as Agent of APL Logistics" in her Complaint, the charge of quid pro quo sexual harassment may properly stand against APL. (See Complaint, para. 12-15).

WHEREFORE, Plaintiff Erica Willis Steele respectfully requests that this Court deny Defendant APL Logistics' Motion to Dismiss or in the Alternative Motion for Abstention.

Respectfully Submitted,

SPESIA, AYERS & ARDAUGH

/s/ Mark A. Lichtenwalter

Mark A. Lichtenwalter # 6280473
SPESIA, AYERS & ARDAUGH
1415 Black Road
Joliet, Illinois 60435
(815) 726-4311