(Rev. 9/17/04) IHRC003

STATE OF ILLINOIS

HUMAN RIGHTS COMMISSION

IN THE MATTER OF:

Erica L. Steele
  Complainant(s),

and

APL Logistics
  Respondent(s).

CHARGE NO: 2006CF3078
EEOC NO: _____
ALS NO: _____

RECEIVED MAY 23 2007

DEPT. OF HUMAN RIGHTS
SWITCHBOARD
MAY 23 2007

COMPLAINT OF CIVIL RIGHTS VIOLATION

1) My name is: Erica L. Steele

2) The name of the Respondent is: APL Logistics

3) I filed a Charge of discrimination against the Respondent with the Illinois Department of Human Rights on 5-18-2006. [A copy of your verified Charge should be submitted with this Complaint.]

4) The Respondent violated the Human Rights Act in the following way: [State precisely how the Respondent violated the Human Rights Act. Give names, dates, places, etc. State which part of the Human Rights Act was violated (for example, there was discrimination based on race, religion, national origin, etc.). If you desire, you may attach the copy of your Charge, and incorporate it by reference. If you wish to make the Charge part of this Complaint, please check the following box and attach the copy of the Charge.] [✓]

Case 1:07-cv-06440 Document 18-2 Filed 01/07/2008 Page 2 of 9

## VERIFICATION

I do hereby swear or affirm that the facts set out in this Complaint of Civil Rights Violation are true.

_____Erica L. Steele_____
Complainant

Subscribed and sworn to before me on this __23__ day of __May__, 20__7__

_____Julie A. Terlep_____
Notary Public

"OFFICIAL SEAL"
Julie A. Terlep
Notary Public, State of Illinois
My Commission Exp. 08/23/2009

## SERVICE

I ask that the Commission serve a copy of the Complaint in this case on the Respondent by sending it to:

__APL Logistics__

who is the __Manager/Human Resources__
(Insert the official title of the person)

of/for Respondent. His/Her address is: __715 Theodore Court__
__Romeoville, IL 60549__

**********

[Please note: YOU MUST TAKE A COPY OF YOUR COMPLAINT TO THE DEPARTMENT OF HUMAN RIGHTS AND GIVE IT TO THE DEPARTMENT ON THE SAME DAY YOU FILE YOUR COMPLAINT WITH THE COMMISSION. IN CHICAGO, THE DEPARTMENT IS LOCATED ON THE TENTH FLOOR OF THE THOMPSON CENTER.]

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>(06W0517-11) | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2006CF3078 |
|---|---|---|

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.)<br>Ms. Erica Willis Steele | | HOME TELEPHONE (include area code)<br>(815) 372-2299 | |
|---|---|---|---|
| STREET ADDRESS<br>14126 Faulkner Court | CITY, STATE AND ZIP CODE<br>Plainfield, IL. 60544 | DATE OF BIRTH | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>APL Logistics | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE<br>(815) 372-1963 | |
|---|---|---|---|
| STREET ADDRESS<br>715 Theodore Court | CITY, STATE AND ZIP CODE<br>Romeoville, IL. 60549 | | COUNTY<br>Will (197) |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>Race    Retaliation | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>05/15/06<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I.  A.  ISSUE/BASIS

   SEXUAL HARASSMENT, BEGINNING ON OR ABOUT JANUARY 2, 2006 AND CONTINUING THROUGH MAY 15, 2006.

  B.  PRIMA FACIE ALLEGATIONS

   1. My sex is female.

   2. I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

(Continued)

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br><br>NOTARY SIGNATURE          MONTH DATE YEAR   5/18/06 |
|---|---|
| "OFFICIAL SEAL"<br>RAQUEL C. GUERRA<br>Notary Public, State of Illinois<br>My Commission Expires 4/12/2008<br><br>NOTARY SEAL | X  Erica S. Steele            5-18-2006<br>SIGNATURE OF COMPLAINANT    DATE<br><br>I declare under penalty that the foregoing is true and correct. I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

Charge Number: 2006CF3078
Erica Willis Steele
Page 2

3. Beginning on or about January 1, 2006 and continuing through May 15, 2006, I have experienced on or more incidents of sexual harassment in Respondent's workplace from Stephen McElrath (male), Respondent's Postal Supervisor. During this period of time, McElrath has engaged in numerous actions which I perceived to be sexually offensive and harassing, such as engaging in inappropriate touching activities; by attempting to hug me; by making verbal statements, such as I didn't know that you had such groceries back there; or, I'd leave my wife for you; you look good in those jeans, and other numerous comments which I believe to be offensive, derogatory and unprofessional.

4. I stated my objections to McElrath that I perceived his actions to be sexually offensive and that I wanted him to stop, but McElrath failed to refrain from his negative, sexually offensive, unprofessional behavior.

5. I then notified Mary Warner (female), Respondent's Human Resources Representative, about McElrath's activities towards me, and sought her assistance in eliminating McElrath's behavior. Warner responded by stating that she would talk to Respondent's general manager about it, but failed to take any other action to have Respondent's supervisor cease and desist from engaging in his negative activity.

6. Respondent's actions have created a work environment which has become egregious, hostile, and offensive, and has affected my ability to perform the essential duties of my job.

II. A. ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT MAY 12, 2006 AND CONTINUING THROUGH MAY 15, 2006, BECAUSE OF MY RACE, BLACK.

B. PRIMA FACIE ALLEGATIONS

1. My race is black.

(Continued)

Charge Number: 2006CF3078
Erica Willis Steele
Page 3

2. I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

3. Beginning on or about May 12, 2006 and continuing through May 15, 2006 I was harassed by Jerry Vance (white), Respondent's Operations Manager, and Bill Banks (black), Respondent's General Manager. Vance and Banks would verbally harass me by making statements, such as you people need to get together and get that office together; prohibits me from eating at my desk; verbally admonish me about the way I perform my duties, and they have engaged in other actions which I have perceived to be negative, unprofessional, and harassing.

4. I believe that there have been other, similarly situated, non-black customer service representatives, such as Kathy Zabrowski and others, that have levels of work performance which is similar to mine, but they were not being harassed in Respondent's workplace as I have been.

III.  A.  ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT MAY 12, 2006 AND CONTINUING THROUGH MAY 15, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE.

B.  PRIMA FACIE ALLEGATIONS

1. On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

2. Beginning on or about May 12, 2006 and continuing through May 15, 2006 I was harassed by Jerry Vance, Respondent's Operations Manager, and Bill Banks, Respondent's General Manager. Vance and Banks would

(Continued)

Charge Number: 2006CF3078
Erica Willis Steele
Page 4

> verbally harass me by making statements, such as you people need to get together and get that office together; prohibits me from eating at my desk; verbally admonish me about the way I perform my duties, and they have engaged in other actions which I have perceived to be negative, unprofessional, and harassing.
>
> 3. Respondent's actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

IV.  A.  ISSUE/BASIS

> WRITTEN DISCIPLINARY WARNING, ON OR ABOUT MAY 12, 2006, BECAUSE OF MY RACE, BLACK.

   B.  PRIMA FACIE ALLEGATIONS

   1. My race is black.

   2. I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

   3. On or about May 12, 2006, I received a written disciplinary warning from Stephen B. McElrath (black), Respondent's Postal Supervisor. McElrath's documentation states that I was issued the written disciplinary warning allegedly for not following proper work procedures. I did not engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

   4. I believe that there have been other, similarly situated, non-black customer service representatives, such as Kathy Zabrowski and others, that have levels of work performance which is similar to mine, but they were not issued a written disciplinary action for their failure to follow proper work procedures.

V.  A.  ISSUE/BASIS

> WRITTEN DISCIPLINARY WARNING, ON OR ABOUT MAY 12, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE.

(Continued)

Charge Number: 2006CF3078
Erica Willis Steele
Page 5

    B.    PRIMA FACIE ALLEGATIONS

        1.    On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

        2.    On or about May 12, 2006, I received a written disciplinary warning from Stephen B. McElrath, Respondent's Postal Supervisor. McElrath's documentation states that I was issued the written disciplinary warning allegedly for not following proper work procedures. I did not engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

        3.    Respondent's actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

VI.    A.    ISSUE/BASIS

    THREE (3) DAY SUSPENSION, ON OR ABOUT MAY 15, 2006, BECAUSE OF MY RACE, BLACK.

    B.    PRIMA FACIE ALLEGATIONS

        1.    My race is black.

        2.    I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

        3.    On or about May 15, 2005, I was issued a three (3) day suspension from Stephen McElrath (black), Respondent's Postal Supervisor. McElrath's written document states that I was issued the suspension because I allegedly falsified company documents. I did not engage in any acts of willful misconduct which merited the issuance of any three (3) day suspension.

(Continued)

Charge Number: 2006CF 3078
Erica Willis Steele
Page 6

4. I believe that there have been other, similarly situated, non-black customer service representatives, such as Kathy Zabrowski and others, that have levels of work performance which is similar to mine, that have either been accused of, or have engaged in acts of falsifying Respondent's documents, but they were not issued a written disciplinary notice issuing them a three (3) day suspension for falsification of company documents.

VII. A. ISSUE/BASIS

THREE (3) DAY SUSPENSION, ON OR ABOUT MAY 15, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE.

B. PRIMA FACIE ALLEGATIONS

1. On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

2. On or about May 15, 2005, I was issued a three (3) day suspension from Stephen McElrath, Respondent's Postal Supervisor. McElrath's written document states that I was issued the suspension because I allegedly falsified company documents. I did not engage in any acts of willful misconduct which merited the issuance of any three (3) day suspension.

3. Respondent's actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

ACF/JJT/RCG