IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA WILLIS STEELE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| and | )    Cause No. 07C-6440 |
| | ) |
| APL LOGISTICS, | ) |
| | ) |
| and | ) |
| | ) |
| STEPHEN MCELRATH | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS DISMISS
OR IN THE ALTERNATIVE MOTION FOR ABSTENTION**

Defendant APL Logistics Warehouse Management Services, Inc. ("APL") (incorrectly named in this matter as APL Logistics), by and through its attorneys, files its Reply in Support of Its Motion to Dismiss or in the alternative Motion for Abstention, and in support thereof states:

**INTRODUCTION**

On May 18, 2006, Plaintiff Erica Steele ("Plaintiff") dual filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") and selected the IDHR as the agency for processing the charge of discrimination. Plaintiff then filed a Complaint with the Illinois Human Rights Commission ("IHRC") on May 23, 2007. The Complaint filed with the IHRC included by incorporation all of the claims from Plaintiff's original and amended dual filed Charges of Discrimination. The Complaint included claims for harassment based on sex and race, as well as a claim for retaliation. It did not include any claims or allegations of "promises of promotion or pay raises in exchange for sexual favors."

After Plaintiff filed her Complaint with the IHRC, she requested and received a Right to Sue letter from the EEOC. Plaintiff then filed her action in Illinois circuit court setting out claims for Quid Pro Quo Sexual Harassment (Count I), Hostile Environment Sexual Harassment (Count II), and Gender Discrimination (Count III). In support of her claims, Plaintiff attached her Right to Sue Letter from the EEOC, as well as the original and amended Charges of Discrimination she dual filed with the IDHR and the EEOC. In each Count of her Complaint filed in the present action Plaintiff's claims are based on allegations of "promises of promotion or pay raises in exchange for sexual favors." Such claims were not made in Plaintiff's Charges of Discrimination dual filed with the IDHR and EEOC and do not meet the standard of being alike or reasonably related to the assertions actually made.

Under Illinois law, Plaintiffs failure to assert these claims in her Charges of Discrimination is a failure to cooperate with the investigation of the IDHR and EEOC. Failure to cooperate with the agency investigation has been found to be a failure to exhaust administrative remedies. Because Plaintiff has failed to exhaust her administrative remedies each of her claims brought in this pending matter should be dismissed.

## ARGUMENT

### I. **Plaintiff Has Failed to Exhaust Her Administrative Remedies.**

The Illinois courts have repeatedly and consistently held that that where as here a Plaintiff attempts to bring a state or federal court action based on civil rights violations without first exhausting administrative remedies the plain language of the Act clearly requires the Illinois court to dismiss such action. Plaintiff has failed to exhaust her administrative remedies by her failure to cooperate with the administrative agency investigation of her claims. Plaintiff failed to present all of her claims, which she now alleges in her Complaint, to the IDHR, EEOC or IHRC.

Presentation of all claims and thus cooperation with the investigation is a critical part of the exhaustion of administrative remedies requirement. Plaintiff effectively failed to afford the IDHR, EEOC, and IHRC an opportunity to investigate her claims.

Plaintiff's claims are not properly before this Court because Plaintiff has failed to allege such claims in either of her dual filed Charges of Discrimination. Generally, a plaintiff may not bring claims under Title VII that were not originally brought among the charges made to the EEOC. Harper v Godfrey Co., 45 F.3d 143, 147-148 (7th Cir. 1995), *superseded on other grounds by* 42 U.S.C. § 1981(b); Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir.1994). This rule serves the dual purpose of providing the EEOC with an opportunity to settle the parties' disputes and puts the employer on notice of the charges against it. Harper, 45 F.3d at 148. Plaintiff, in her haste, has failed to allow either of these purposes to be met.

Plaintiff's allegations in her Charges of Discrimination were not general. Plaintiff did not make a general statement that she was sexually harassed as is done in many charges of discrimination. She made very specific allegations. Plaintiff, in fact, continually repeated the same allegations both to APL management, and in her Charges of Discrimination. These allegations included: "engaging in inappropriate touching activities; by attempting to hug me; by making verbal statements, such as I didn't know that you had such groceries back there; or, I'd leave my wife for you; you look good in those jeans." However, in her Complaint, Plaintiff now alleges claims of "promises of promotions and pay raises in exchange for sex." These allegations were never presented by Plaintiff until the Complaint filed in state court.[1] It is difficult to understand why she would leave out what seems to be a significant detail such as

---

[1] Though Plaintiff asserts that it is irrelevant that she failed to make such assertions in her Charges of Discrimination, she also attempts to claim in her Memorandum in Support of her Response to have made such assertions. Plaintiffs Memorandum, ¶ 19. Plaintiff never made any claims alleging "requests for sexual favors" in either of her Charges of Discrimination.

3

"requests for sexual favors" in her statements and allegations while repeatedly making these other specific allegations. Curiously, Plaintiff has also omitted from her Complaint these details which she previously asserted repeatedly and replaced them with her new allegations.

Plaintiff sets out and relies almost entirely on her new claims in each Count of her Complaint:

> "McElrath continued to harass her, offering to influence promotions, pay raises, and other employment privileges available to Steele in exchange for sexual favors." Complaint, ¶7

> "McElrath continuously subjected Steele to harassment of a sexual nature, and offered to make privileges of employment, such as promotions and pay raises available to Steele in exchange for sexual favors." Complaint, Count I ¶14

> "Steele's submission to or rejection of McElrath's sexual advances provided the basis for employment decisions regarding her position." Complaint, Count I, ¶15

> "it took absolutely no action in response to Steele's complaint, thus allowing the sexual advances and intimidating working environment to continue and then escalate." Count II, ¶ 22

> "employment opportunities in the form of promotions or raises were conditional to Steele on the basis of her sex, and were solely offered to her in exchange for her participation in acts of a sexual nature." Complaint, Count III, ¶ 28

Because Plaintiff failed to present these allegations to the administrative agency each Count of her Complaint must be dismissed.

4

Plaintiff attempts to gloss over her failures by asserting that her "sexual advances" and "requests for sexual favors" claims reasonably flow out of the harassment allegations which were actually made in her Charges of Discrimination. Plaintiff alleges that her "claims of hostile environment sexual harassment and quid pro quo sexual harassment are simply more specific claims of harassment than that which was alleged in her EEOC charge," and her "specific allegation of quid pro quo sexual harassment could 'reasonably develop from the EEOC investigation into the original charges.'" Plaintiff's Memorandum, ¶18. As Plaintiff further states, "[a]fter the investigation and the administrative process, it would be reasonable for Steele's general theory of sexual harassment to develop into more specific allegations." Plaintiff's Memorandum, ¶18. However, this will never be known because Plaintiff failed to cooperate with the investigation so that such allegations could be uncovered. It is not enough that allegations could have been discovered if you have failed to provide the opportunity for such discovery. Plaintiff's statement is thus nothing more than an admission that she has failed to exhaust her administrative remedies.

Plaintiff also attempts to sweep away her failure to cooperate with the investigation by simply stating, "[u]pon Steele's filing of her charge of sexual harassment with the EEOC, APL was instantly on notice of its potential liability for any type of sexual harassment." Plaintiff's Memorandum, ¶20; See also ¶¶ 26-27, and Plaintiff's Response, ¶¶ 8-9. This, however, is not the standard. The cases cited by Plaintiff as well as the cases cited therein demonstrate Plaintiff's failure to assert these allegations in either of her Charges has caused her to fail to exhaust her administrative remedies. A plaintiff may bring claims not asserted in an EEOC charge only if two conditions are met: (1) the claims are like or reasonably related to allegations in the EEOC charge; and (2) the claims reasonably can be expected to grow out of allegations

made in the EEOC charge. Id. at 1111. *See also* Cheek, 31 F.3d at 500; Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir.1976) (en banc), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976). Harper, 45 F.3d at 148.  "The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals.*" Cheek, 31 F.3d at 501 (emphasis in original).

      The claims set out in each Count of Plaintiff's Complaint cannot be reasonably inferred from the allegations of harassment set out in Plaintiff's dual filed Charges of Discrimination. They are not "like or reasonably related to" the allegations in the Charges of Discrimination. They do not assert the same conduct.  The claims in the Charges of Discrimination and the Complaint are not alike or reasonably related just because they both assert forms of sex discrimination. *See* Cheek, 31 F.3d at 501; citing Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir.1992) (EEOC charge and complaint not alike or reasonably related where employee complained to the EEOC of only certain episodes of discrimination, and then sought judicial relief for different episodes of discrimination); Allen v. Denver Pub. Sch. Bd., 928 F.2d 978, 984 (10th Cir.1991) (charge filed with EEOC of discrimination regarding 1986 disciplinary action and 1988 termination did not permit challenge to 1979 nonpromotion); Malhotra v. Cotter & Co., 885 F.2d 1305, 1312 (7th Cir.1989) (claim of racial harassment not preserved when EEOC charge pertained to earlier time period, only asserted discriminatory failure to promote, and referred to different employees).

      Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge. Cheek, 31 F.3d at 500.  As numerous district court

decisions (many unreported) have ruled a failure to cooperate with the agency investigation constitutes a fatal failure to exhaust administrative remedies. (see, e.g., Morris v. Albertson, Inc., 2001 WL 936118 (N.D.Ill.); Dates v. Phelps Dodge Magnet Wire Co., 604 F.Supp. 22, 27 (N.D.Ind.1985).  Plaintiff's failure to cooperate with the administrative investigation effectively frustrated the Commission's ability to investigate her Charge of Discrimination.  The EEOC's pro forma issuance of a right-to-sue letter does not overcome this failure.  Where as here a claimant chooses to pursue the administrative process but then affirmatively frustrates the agency's efforts to investigate the charge, claimant's later efforts to file suit in federal court should not be allowed.  To allow otherwise would deny the purposes of informal conciliation and notice and would reward claimants who invoke the agency process and then waste EEOC's limited resources by failing to cooperate with the investigation.

Plaintiff's claims are subject to the exclusive remedies provided under the Act and Plaintiff must first exhaust her administrative remedies before bringing a matter in this court. Plaintiff's Complaint should be dismissed in its entirety because she failed to exhaust her administrative remedies.

For the foregoing reasons, Plaintiff's Complaint should be dismissed, or in the alternative the court should abstain from hearing this matter until Plaintiff has exhausted her administrative remedies.

Respectfully submitted,

BOBROFF, HESSE, LINDMARK
& MARTONE, P.C.


By: _____/s/ Andrew J. Martone_____

Andrew J. Martone, #06203524
1650 Des Peres Road, Suite 200
St. Louis, MO  63131
Tel:  (314) 862-0300
Fax:  (314) 862-7010
E-mail: anydmartone@bobroffhesse.com

Attorneys for Defendant
APL Logistics Warehouse Management
Services, Inc.


**CERTIFICATE OF SERVICE**

A copy of the foregoing was served electronically via the Court's electronic filing system, this 9th day of January, 2008, to:


Mr. Mark A. Lichtenwalter
Spesia, Ayers & Ardaugh
1415 Black Road
Joliet, IL 60435
mlichtenwalter@spesia-ayers.com

Mr. John Matthew Spesia
Spesia, Ayers & Ardaugh
1415 Black Road
Joliet, IL 60435
jspesia@spesia-ayers.com

Mr. Michael Robert Stiff
Spesia, Ayers & Ardaugh
1415 Black Road
Joliet, IL 60435
mstiff@spesia-ayers.com

Mr. Martin J. Shanahan
Spesia, Ayers & Ardaugh
1415 Black Road
Joliet, IL 60435
mshanahan@spesia-ayers.com


_____/s/ Andrew J. Martone_____