IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA WILLIS STEELE, | ) |
| Plaintiff, | ) |
| | ) Cause No. 07C-6440 |
| and | ) |
| APL LOGISTICS, | ) |
| and | ) |
| STEPHEN MCELRATH | ) |
| Defendants. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant APL Logistics Warehouse Management Services, Inc. (incorrectly named in this matter as APL Logistics)("Defendant"), by and through its attorneys, and in response to Plaintiff's Complaint at Law, state as follows:

### INTRODUCTION

1. **Allegation:** Plaintiff, ERICA WILLIS STEELE (hereinafter "STEELE"), was and continues to be a resident of Will County, Illinois at all times relevant to this Complaint.

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies each allegation contained in paragraph 1.

2. **Allegation:** Defendant, APL LOGISTICS (hereinafter "APL"), owns and operates a Warehouse Management Services branch located at 715 Theodore Court, Romeoville, Illinois in Will County, Illinois. The allegations contained in this Complaint took place at 715 Theodore Court, Romeoville, Illinois.

**Answer:** Defendant APL Logistics Warehouse Management Services, Inc. admits that it maintains a facility at 715 Theodore Court, Romeoville, Illinois in Will County, Illinois. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2, and therefore denies each of the remaining allegation contained in paragraph 2.

3.   **Allegation:** STEELE, a female, was employed as a Customer Service Representative with APL from January 24, 2005 until June 9, 2006.

**Answer:** Defendant admits the allegations contained in paragraph 3.

4.   **Allegation:** STEPHEN MCELRATH (hereinafter "MCELRATH"), was an APL employee and STEELE's immediate supervisor during this time period.

**Answer:** Defendant admits the allegations contained in paragraph 4.

5.   **Allegation:** Beginning on or about January 1, 2006, and continuing through May 15, 2006, STEELE was subjected to harassment by MCELRATH in the form of unwanted physical contact with Plaintiff's person, derogatory comments regarding Plaintiff's appearance, and requests for sexual favors.

**Answer:** Defendant denies each of the allegations contained in paragraph 5.

6.   **Allegation:** Upon each act of harassment by MCELRATH, STEELE immediately objected to his behavior, expressed that she was offended by the behavior, and demanded that he stop at once.

**Answer:** Defendant denies each of the allegations contained in paragraph 6.

7.   **Allegation:** On information and belief, despite STEELE's objection, MCELRATH continued to harass her, offering to influence promotions, pay raises, and other employment privileges available to STEELE in exchange for sexual favors.

**Answer:** Defendant denies each of the allegations contained in paragraph 7.

8. **Allegation:** On information and belief, APL did not have or distribute employee handbooks and had no known sexual harassment policy in place for employees to follow.

**Answer:** Defendant denies each of the allegations contained in paragraph 8.

9. **Allegation:** On or about January 27, 2006, STEELE complained of MCELRATH'S continuing unwanted sexual advances to the appropriate Human Resources Department of APL, and asked to be moved to a different department or location in the company. No action was taken by APL to correct the situation.

**Answer:** Defendant denies each of the allegations contained in paragraph 9.

10. **Allegation:** When the sexual harassment of STEELE continued, STEELE filed her Complaint of Civil Rights Violation with the Illinois Human Rights Commission and the Equal Employment Opportunity Commission on May 23, 2007. [Exhibit "A"]

**Answer:** Defendant admits that Plaintiff dual filed a Charge of Discrimination and Complaint of Civil Rights Violation with the Illinois Department of Human Rights and Equal Employment Opportunity Commission which contains a Illinois Human Rights Commission file stamp of May 23, 2007. Defendant denies each of the remaining allegations contained in paragraph 10.

11. **Allegation:** The Equal Employment Opportunity Commission mailed a Notice of Right to Sue on July 6, 2007, giving STEELE the right to file suit in state or federal court under Title VII of the Civil Rights Act of 1964. [Exhibit "B"]

**Answer:** Defendant admits that the Equal Employment Opportunity Commission issued to Plaintiff a Notice of Right to Sue signed on or about July 6, 2007. Defendant denies each of the remaining allegations contained in paragraph 11.

## COUNT I: QUID PRO QUO SEXUAL HARASSMENT
## (STEPHEN MCELRATH, Individually and as Agent of APL Logistics)

1-11.    **Allegation:** Plaintiff STEELE repeats and re-alleges Paragraphs 1-11 as Paragraphs 1-11 of Count I as though fully stated herein.

**Answer:**  Defendant incorporates its responses to paragraphs 1-11 of Plaintiff's Complaint as if fully set forth herein.

12.    **Allegation:** As STEELE's supervisor, MCELRATH had a duty to provide a workplace free of sexual harassment for his employees.

**Answer:**  Defendant denies each of the allegations contained in paragraph 12.

13.    **Allegation:** MCELRATH breached his duty as a supervisor to STEELE by exposing her to unwanted sexual harassment, as described, *infra*.

**Answer:**  Defendant denies each of the allegations contained in paragraph 13.

14.    **Allegation:** On information and belief, during STEELE's employment, MCELRATH continuously subjected STEELE to harassment of a sexual nature, and offered to make privileges of employment, such as promotions and pay raises, available to STEELE in exchange for sexual favors.

**Answer:**  Defendant denies each of the allegations contained in paragraph 14.

15.    **Allegation:** On information and belief, STEELE's submission to or rejection of MCELRATH's sexual advances provided the basis for employment decisions regarding her position.

**Answer:**  Defendant denies each of the allegations contained in paragraph 15.

WHEREFORE, Defendant APL Logistics Warehouse Management Services, Inc, respectfully requests this Court enter judgment in its favor and against the Plaintiff, and award Defendant's fees and costs and such other relief as this Court finds just and equitable.

## COUNT II: HOSTILE ENVIRONMENT SEXUAL HARASSMENT
### (<u>APL LOGISTICS</u>)

1-15.    **Allegation:** Plaintiff STEELE repeats and re-alleges Paragraphs 1-15 as Paragraphs 1-15 of Count II as though fully stated herein.

   **Answer:**  Defendant incorporates its responses to paragraphs 1-15 of Plaintiff's Complaint as if fully set forth herein.

16.    **Allegation:** APL has a duty to provide and maintain a workplace such that no hostile environment exists for its employees.

   **Answer:**  Paragraph 16 is a legal conclusion and not an assertion of fact directed against Defendant, therefore, Defendant make no response to paragraph 16.

17.    **Allegation:** APL breached this duty by failing to remedy a known situation of sexual harassment, as described, *infra.*

   **Answer:**  Defendant denies each of the allegations contained in paragraph 17.

18.    **Allegation:** After being subjected to continuing unwelcome verbal and physical sexual harassment by MCELRATH, STEELE became afraid to attend work because the environment had become permeated with regular unwanted harassment.

   **Answer:**  Defendant denies each of the allegations contained in paragraph 18.

19.    **Allegation:** In order to avoid the intimidating work environment, STEELE began to use a number of her sick and personal days.

   **Answer:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies each allegation contained in paragraph 19.

20.    **Allegation:** At the onset of the harassment, STEELE immediately sought out a company policy regarding the correction of sexual harassment and was unable to locate any such

5

procedure; therefore, STEELE reasonably requested a solution from APL's Human Resources Department.

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies each allegation contained in paragraph 20.

21. **Allegation:** After STEELE formally complained to the Human Resources Department of APL, APL had actual knowledge of the harassment and had a duty to take all necessary steps to eliminate the harassment.

**Answer:** Defendant denies that Steele formally complained to the Human Resources Department of APL and that APL had actual knowledge of the alleged harassment. The remaining allegations contained in Paragraph 24 are a legal conclusion and not an assertion of fact directed against Defendant, therefore, Defendant makes no response to the remaining allegations contained in paragraph 24.

22. **Allegation:** APL breached its duty to respond and remedy the situation when it took absolutely no action in response to STEELE's complaint, thus allowing the sexual advances and intimidating working environment to continue and then escalate.

**Answer:** Defendant denies each of the allegations contained in paragraph 22.

23. **Allegation:** MCELRATH, an agent of APL, informed many of STEELE's male and female co-workers of the action STEELE had taken against him. Soon after STEELE's co-workers were verbally notified of the sexual harassment complaint, they acted out against STEELE, harassing her and refusing to associate with her, adding to the hostile working environment for STEELE.

**Answer:** Defendant denies each of the allegations contained in paragraph 23.

WHEREFORE, Defendant APL Logistics Warehouse Management Services, Inc, respectfully requests this Court enter judgment in its favor and against the Plaintiff, and award Defendant's fees and costs and such other relief as this Court finds just and equitable.

### COUNT III: GENDER DISCRIMINATION
### (<u>APL LOGISTICS</u>)

1-23.   **Allegation:** Plaintiff STEELE repeats and re-alleges Paragraphs 1-23 as Paragraphs 1-23 of Count III as though fully stated herein.

**Answer:**  Defendant incorporates its responses to paragraphs 1-23 of Plaintiff's Complaint as if fully set forth herein.

24.   **Allegation:** According to the Illinois Human Rights Act, APL has a duty to provide a workplace which is free from discrimination with regards to hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, and privileges or conditions of employment on the basis of gender. 735 ILCS 5/1-102 (2004).

**Answer:**  Paragraph 24 is a legal conclusion and not an assertion of fact directed against Defendant, therefore, Defendant make no response to paragraph 24.

25.   **Allegation:** APL breached this duty by failing to prevent the harassment of and discrimination against STEELE on the basis of her gender, as described, *infra*.

**Answer:**  Defendant denies each of the allegations contained in paragraph 25.

26.   **Allegation:** At all times relevant to this Complaint, STEELE is a female who satisfactorily performed her duties as a Customer Service Representative at APL.

**Answer:**  Defendant denies each of the allegations contained in paragraph 26.

27. **Allegation:** Despite adequately meeting all employment requirements, STEELE experienced unwelcome verbal and physical conduct of a sexual nature by her male supervisor because of her sex.

**Answer:** Defendant denies each of the allegations contained in paragraph 27.

28. **Allegation:** On information and belief, employment opportunities in the form of promotions or raises were conditional to STEELE on the basis of her sex, and were solely offered to her in exchange for her participation in acts of a sexual nature.

**Answer:** Defendant denies each of the allegations contained in paragraph 28.

29. **Allegation:** On information and belief, these employment opportunities were not offered on a conditional basis for STEELE's male co-workers, who received promotions or raises on some basis other than sex or gender.

**Answer:** Defendant denies each of the allegations contained in paragraph 29.

WHEREFORE, Defendant APL Logistics Warehouse Management Services, Inc, respectfully requests this Court enter judgment in its favor and against the Plaintiff, and award Defendant's fees and costs and such other relief as this Court finds just and equitable.

## AFFIRMATIVE DEFENSES

In addition, Defendant sets forth the following affirmative defenses.

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint is barred by the doctrines of laches, estoppel and unclean hands.

3. Plaintiff's Complaint is barred in whole or part by the relevant statute of limitations.

4.  Plaintiff's Complaint is barred in whole or in part by the doctrines of res judicata and collateral estoppel.

5.  Plaintiff lacks standing to bring this action.

6.  Plaintiff's Complaint is barred by Plaintiff's failure to exhaust her administrative remedies.

7.  Plaintiff's claim of "offers to make privileges of employment such as promotions and pay raises, available to Plaintiff in exchange for sexual favors" was not alleged in either her original or amended dual filed Charge of Discrimination and Plaintiff may not bring claims under Title VII that were not originally brought among the charges made to the EEOC. Harper v Godfrey Co., 45 F.3d 143, 147-148 (7th Cir. 1995).

8.  Plaintiff received promotions and pay raises on a schedule substantially similar to that of her co-workers.

9.  Defendant, at all times relevant, had in place company policies regarding sexual harassment.

10.  Plaintiff failed to formally complain to the Human Resources Department of the Defendant until May of 2006.

11.  Defendant fully investigated each of Plaintiff's complaints of harassment.

12.  Plaintiff was suspended pursuant to company procedure for her failure to follow company procedures.

13.  Plaintiff was suspended pursuant to company procedure for her insubordination.

14. Plaintiff returned to work and was not terminated following her Suspension Pending Termination.

15. Plaintiff's Suspension Pending Termination does not constitute a significant change in employment status.

Respectfully submitted,

BOBROFF, HESSE, LINDMARK
& MARTONE, P.C.


By:  ____/s/ Andrew J. Martone_____

Andrew J. Martone, #06203524
1650 Des Peres Road, Suite 200
St. Louis, MO  63131
Tel:  (314) 862-0300
Fax:  (314) 862-7010
E-mail: anydmartone@bobroffhesse.com

Attorneys for Defendant
APL Logistics Warehouse Management
Services, Inc.


## CERTIFICATE OF SERVICE

A copy of the foregoing was served electronically via the Court's electronic filing system, this 9th day of January, 2008, to:

| | |
|---|---|
| Mr. Mark A. Lichtenwalter<br>Spesia, Ayers & Ardaugh<br>1415 Black Road<br>Joliet, IL 60435<br>mlichtenwalter@spesia-ayers.com | Mr. Michael Robert Stiff<br>Spesia, Ayers & Ardaugh<br>1415 Black Road<br>Joliet, IL 60435<br>mstiff@spesia-ayers.com |
| Mr. John Matthew Spesia<br>Spesia, Ayers & Ardaugh<br>1415 Black Road<br>Joliet, IL 60435<br>jspesia@spesia-ayers.com | Mr. Martin J. Shanahan<br>Spesia, Ayers & Ardaugh<br>1415 Black Road<br>Joliet, IL 60435<br>mshanahan@spesia-ayers.com |

_____/s/ Andrew J. Martone_____