IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA WILLIS STEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 07 C 6440 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| APL LOGISTICS, and STEPHEN ) | |
| MCELRATH ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Erica Willis Steele sues APL Logistics ("APL") and Stephen McElrath[1] for *quid pro quo* and hostile environment sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. (Counts I and II), and gender discrimination under the Illinois Human Rights Act ("IHRA;" Count III). APL moves to dismiss or, alternatively, for abstention. For the reasons stated below, APL's motion is granted in part.

### I.   MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the complaint on the basis of a failure to state a claim on which relief can be granted. In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in Steele's favor. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Steele need only provide enough detail to give APL fair notice of her claims, show that her

---

[1] Stephen McElrath was dismissed without prejudice. Dkt. No. 27 (Jan. 10, 2008).

claims are plausible, rather than merely speculative, and that she is entitled to relief. *EEOC v. Concentra Health Care Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1964 (further citations omitted)). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

## II. BACKGROUND FACTS

While Steele was employed as an APL customer service representative, her supervisor, Stephen McElrath, subjected her to unwanted physical contact, derogatory comments, and requests for sexual favors. The conduct persisted from January 1, 2006 to May 15, 2006. Steele repeatedly complained to McElrath and APL's human resources department, but her complaints went ignored.

On May 18, 2006, Steele filed discrimination charges against APL with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC"). Five days later, she filed a civil rights complaint with the Illinois Human Rights Commission ("IHRC"), incorporating her initial charge filed with the Department of Human Rights. The IHRC complaint included claims for sexual and gender harassment, and retaliation.

The EEOC issued Steele a right to sue letter on July 6, 2007. She timely filed suit in the Illinois Circuit Court for Will County. The case was removed to this court on November 14, 2007.

The IHRC has since issued a stay in the parallel administrative proceeding until resolution of this case.

## III. DISCUSSION

2

A.  **Exhaustion Under the Illinois Human Rights Act**

APL argues that all of Steele's discrimination claims – including her Title VII claims – are barred because she has failed to exhaust her administrative remedies under the IHRA. Although Steele's IHRA gender discrimination claim (Count III) is subject to dismissal, her Title VII claims are not.

1. *IHRA Gender Discrimination Claim (Count III)*

The IHRC has exclusive jurisdiction over civil rights actions brought under the IHRA. *See Manley v. City of Chicago*, 236 F.3d 392, 397 (7th Cir. 2001); *see also* 775 ILCS 5/8-111(c) ("[N]o court of this state shall have jurisdiction over the subject matter of an alleged civil rights violation other than set forth in the Act"). Therefore, Steele may not file a court action for her IHRA gender discrimination claim without exhausting her state administrative remedies. *Mein v. Masonite Corp.*, 485 N.E.2d 312, 315 (Ill. 1985); *see also Talley v. Wash. Inventory Serv.*, 37 F.3d 310, 312-13 (7th Cir. 1994). Judicial review of her IHRA claim is available only after she exhausts her administrative remedies and the IHRC has issued a final order on her charge. *Talley*, 37 F.3d at 313; *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 458 (7th Cir. 1994).

Steele argues she has exhausted her IHRA administrative remedies insofar as the IHRC has issued a stay in her proceeding.[2] A stay does not constitute a final order for IHRA purposes. *See, e.g., Falco v. Office Electronics, Inc.*, No. 97 C 4170, 1997 WL 587660, at *2 (N.D. Ill. Sept. 17, 1997) (Marovich, J.) (collecting cases) (closing of discrimination charge due to concurrent federal proceeding does not constitute a "final order"). As a result, the court lacks

---

[2] The court takes judicial notice of the Illinois Human Rights Commission's order to stay as a matter of public record. *Palay v. U.S.*, 349 F.3d 418, 425 n.5 (7th Cir. 2003).

subject matter jurisdiction over Steele's IHRA gender discrimination claim. *See Cavalieri-Conway v. L. Butterman & Assoc.*, 992 F. Supp. 995, 1009 (N.D. Ill. 1998) (Norgle, J.), *aff'd*, 172 F.3d 52 (7th Cir. 1999), *cert. denied*, 120 S.Ct. 121 (1999). Count III of the complaint is dismissed without prejudice. *Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402, 411 (7th Cir. 1989) (proper remedy for failure to exhaust is to dismiss without prejudice).

    2.    *Title VII Sexual Harassment Claims (Counts I and II)*

APL argues Steele's Title VII claims should also be dismissed for her failure to exhaust IHRA remedies. However, APL fails to meet its burden to show that Steele's Title VII claims are even subject to the IHRA's exhaustion requirements. Indeed, Title VII does not require a plaintiff to complete state administrative processes before filing a federal case. *Zugay v. Progressive Care, S.C.*, 180 F.3d 901, 902 (7th Cir. 1999); *see also Doe v. Dairy*, 456 F.3d 704, 710 (7th Cir. 2006) ("Title VII does not incorporate anything like the full apparatus of exhaustion"); *Donaldson v. Taylor Products Div. of Tecumseh Prod. Co.*, 620 F.2d 155, 158 (7th Cir. 1980) (same).

Federal courts are expressly granted original jurisdiction over Title VII claims. 42 U.S.C. § 2000e-5(f)(3). Thus, federal courts routinely exercise jurisdiction over Title VII claims while dismissing IHRA claims for failure to exhaust. *See, e.g., Glebocki v. City of Chicago*, 32 Fed. Appx. 149 (7th Cir. 2002); *Griffin v. Sutton Ford, Inc.*, 452 F. Supp. 2d 842 (N.D. Ill. 2006) (Bucklo, J.); *Mazurek v. Cook County*, No. 02 C 4897, 2003 WL 21266712 (N.D. Ill. May 30, 2003) (Lefkow, J.); *Jimenez v. Thompson Steel Co., Inc.*, 264 F. Supp. 2d 693, 695 (N.D. Ill. 2003) (Bucklo, J.).

APL maintains that because state and federal courts share concurrent jurisdiction over Title VII claims, Steele's federal civil rights claims are subject to IHRA exhaustion. This argument is inconsequential. Although some Illinois courts have held that the IHRA divests Illinois state courts of *original* jurisdiction over federal civil rights claims, *see Garcia v. Village of Mountain Prospect,* 360 F.3d 630, 641-42 (7th Cir. 2004) (citations omitted), there is no basis to conclude that Title VII claimants in federal court *must* exhaust IHRA state remedies. APL fails to demonstrate that IHRA exhaustion applies to Steele's Title VII claims.

### B.   Title VII Prerequisites

APL moves to dismiss Steele's Title VII *quid pro quo* claim (Count I) because Steele failed to bring these allegations in her EEOC discrimination charge. Additionally, APL argues in conclusory fashion that Steele failed to cooperate with the EEOC's investigation, but proffers no evidence to support this argument.

Steele may not bring Title VII claims that were not originally included in her EEOC charge. *Harper v. Godfrey Co.,* 45 F.3d 143, 147-48 (7th Cir. 1995). She may assert these new claims only if: (i) the claims are like or reasonably related to the EEOC charge, and (ii) the claims in her federal complaint could reasonably develop from the EEOC investigation into the original charge. *Id.; see also Cheek v. Western & S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994); *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.1976) (en banc), *cert. denied,* 429 U.S. 986 (1976). In making this determination, Steele's EEOC charge must be construed liberally. *Taylor v. Western and Southern Life Ins. Co.,* 966 F.2d 1188, 1194 (7th Cir. 1992); *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 864 (7th Cir. 1985). She is not required to allege each and every fact that forms the basis of her claims. *Cheek,* 31 F.3d at 500.

5

Establishing a reasonable relationship between Steele's EEOC charge and her *quid pro quo* claim requires that, at a minimum, the two claims involve the *same conduct* and the *same individuals*. *Id.* at 501 (emphasis in original). The conduct described in Steele's EEOC charge includes allegations that McElrath repeatedly touched her inappropriately and made derogatory, unprofessional, and sexually offensive statements to her. Her *quid pro quo* claim incorporates these allegations, but also adds particulars to the alleged statements and objectionable behavior. *See* Compl. ¶¶ 5-7. Steele's *quid pro quo* allegations also implicate the same individual identified in her EEOC charge – McElrath. Liberally construing Steele's EEOC charge, her *quid pro quo* allegations are reasonably related to her EEOC charge. *See Jenkins*, 538 F.2d at 168 (requiring only that plaintiff, in layman's terms, state to the EEOC the "unfair thing that happened"); *see also Griffith v. Keystone Steel & Wire Co.*, 858 F. Supp. 802, 804-05 (C.D. Ill. 1994) (Mihm, J.) (*quid pro quo* claim reasonably related to general sexual harassment charge).

There is no basis to conclude that Steele's *quid pro quo* claim could not have reasonably developed from the EEOC investigation. *Cf. Cheek*, 31 F.3d at 500 (second part of test "is difficult to apply because it requires speculation"). Her *quid pro quo* claim implicates the same time frame, similar conduct, and the same individual identified in her EEOC charge. *See, e.g., Griffin*, 452 F. Supp. 2d at 846-47. Accordingly, APL's motion to dismiss Steele's *quid pro quo* claim must be denied.

C.   **Abstention and Forum Shopping**

Alternatively, APL argues Steele's claims should be dismissed because there is a parallel proceeding in the IHRC. APL claims that the parallel proceeding demonstrates impermissible forum shopping and leads to a waste of judicial resources under *Colorado River Water*

6

*Conservation Dist. v. U.S.*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

Abstention is appropriate only in "exceptional circumstances." *See, e.g., TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005) (citations omitted). These circumstances are absent here. The IHRC has issued a stay in the parallel proceeding until resolution of this case. Dismissal is therefore unwarranted on abstention or other equitable grounds.

## IV.   CONCLUSION

For the foregoing reasons, APL's motion to dismiss is granted in part. Count III of the complaint is dismissed without prejudice.

ENTER:

Suzanne B. Conlon
United States District Judge

January 28, 2008

7