IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA WILLIS STEELE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 07C-6440 |
| | ) |
| APL LOGISTICS, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RULE 26(a)(1) DISCLOSURES**

TO: J. Christopher Hesse, Andrew J. Martone, Angela K. Scott, Bobroff, Hesse, Lindmark & Martone, P.C., 1650 Des Peres Road, Suite 200, Saint Louis, MO 63131

NOW COMES the Plaintiff, ERICA WILLIS STEELE, by and through her attorneys, SPESIA, AYERS & ARDAUGH, and for her Rule 26(a)(1) Disclosures, provides as follows:

A.   Witnesses

1. **Erica Willis Steele, Plaintiff**, 14126 Faulkner Court, Plainfield, IL 60544. Subject: facts and circumstances surrounding each allegation of harassment in Complaint; facts and circumstances regarding Defendant's actions in response to Plaintiff's complaints of harassment; wage history; employment positions and wages since her position with Defendant; emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and injury to professional standing, all of which occurred as a result of the harassment;

2. **Stephen McElrath**, address unknown, Plaintiff's former supervisor at APL Logistics. Subject: facts and circumstances surrounding Plaintiff's employment, his work relationship with Plaintiff, facts and circumstances regarding Plaintiff's allegations of harassment; facts and circumstances regarding any and all disciplinary actions against Plaintiff; facts and circumstances involving his and APL Logistics' response to Plaintiff's complaints of harassment. Investigation continues;

3. **Mary Warner**, address believed to be in possession of Defendant, Human Resources employee at APL Logistics. Subject: personal work experience, particularly in the area of sexual harassment complaints; facts and circumstances surrounding Plaintiff's complaints of sexual harassment; facts and circumstances involving any and all disciplinary actions against Plaintiff; information regarding Ms. Warner's and APL Logistics' response to Plaintiff's complaints. Investigation continues;

4. **Jerry Vance**, address believed to be in possession of Defendant, Former APL Logistics Operations Manager. Subject: facts and circumstances surrounding Plaintiff's employment and his work relationship with Plaintiff, facts and circumstances regarding Plaintiff's allegations of harassment; facts and circumstances regarding any and all disciplinary actions against Plaintiff; facts and circumstances involving his and APL Logistics' response to Plaintiff's complaints of harassment. Investigation continues;

5. **Kevin Martin**, address believed to be in possession of Defendant, APL Logistics Supervisor. Subject: personal observations regarding Plaintiff's allegations of harassment; facts and circumstances regarding Plaintiff's complaints of harassment to Human Resource Department, and APL Logistics' response to these complaints. Investigation continues;

6. **Celeste Gamble**, address believed to be in possession of Defendant, APL Logistics employee. Subject: facts and circumstances surrounding the Plaintiff's allegations of harassment; facts and circumstances regarding Plaintiff's complaints of harassment to APL's Human Resource Department. Investigation continues;

7. **Laura Khan**, address unknown, Spherion Temporary Employee. Subject: facts and circumstances surrounding the Plaintiff's allegations of harassment and Plaintiff's formal complaints to Human Resource Department; facts and circumstances regarding her own interactions with Stephen McElrath and her personal allegations and complaints of sexual harassment in Defendant's workplace. Investigation continues;

8. **Michelle Bowie**, address unknown, Spherion Temporary Employee. Subject: facts and circumstances surrounding the Plaintiff's allegations of harassment and Plaintiff's formal complaints to Human Resource Department; facts and circumstances regarding her own interactions with Stephen McElrath and, on information and belief, her personal allegations and complaints of sexual harassment in Defendant's workplace. Investigation continues;

9. **Michelle Gonzalez**, Spherion Temporary Employee. Subject: facts and circumstances surrounding the Plaintiff's allegations of harassment and Plaintiff's formal complaints to Human Resource Department; facts and

   circumstances regarding her own interactions with Stephen McElrath and, on information and belief, her personal allegations and complaints of sexual harassment in Defendant's workplace. Investigation continues;

   10. **Sharon (last name unknown)**, full name and address believed to be in possession of Defendant, APL Logistics Supervisor. Subject: facts and circumstances surrounding the Plaintiff's allegations of sexual harassment; facts and circumstances regarding Plaintiff's complaints of harassment to Human Resource Department and APL Logistics' response to these complaints. Investigation continues;

   11. **Leon Steele**, husband of Plaintiff, 14126 Faulkner Court, Plainfield, IL 60544. Subject: facts and circumstances surrounding the Plaintiff's allegations of harassment and her formal complaints to the Human Resource Department; his observations regarding the harassment's impact on Plaintiff's marriage, daily life, emotional well-being and professional standing.

B. Documents in Plaintiff's Possession.

   1. **APL Logistics – Personnel Documents of Plaintiff**: application for employment; background check request and results; physical examination results; new hire forms; APL Logistics policies and procedures

   2. **APL Logistics – Disciplinary Actions against Plaintiff**: three (3) separate records of progressive discipline with supporting documentation

   3. **APL Logistics – Paid Time Off Request Forms of Plaintiff**: four (4) separate requests for paid time off

   4. **Tax Returns of Plaintiff**: tax returns for the years 2006, 2005, 2004, 2003, 2001, 1999, 1996

   5. **Written Statement of Laura Khan**, Spherion temporary employee

   6. **Written Records of Plaintiff**: four (4) handwritten pages of records for the dates of June 6, 2006, June 7, 2006, and June 9, 2006, and three (3) typed pages of records for the dates of May 19, 2006, and May 22, 2006

   7. **Written Statement of Craig Owens**: handwritten statement of APL Logistics employee dated June 7, 2006

   8. **Written Statement of Stacy Harrison**: handwritten statement of APL Logistics employee dated May 7, 2006

9. **Written Statement of Stephen McElrath**: handwritten statement of former APL Logistics supervisor dated June 7, 2006

10. **Pay Stubs of Plaintiff**: pay stubs from Plaintiff's employment at APL Logistics and subsequent employment at Business Cleaning Solutions, Inc., Lakewood Nursing and Rehabilitation Center, LLC, and CAN

11. **Department of Employment Security Records**: correspondence to Plaintiff; Plaintiff's application for benefits; Plaintiff's Application for Reconsideration of Claims Adjudicator's Determination; documents regarding Telephone Hearing; decision of Appeals Division; benefits pay stubs; Work Search Records

12. **Human Rights Department and Equal Employment Opportunity Commission Pleadings**: Plaintiff's Charge of Discrimination, Notice of Right to Sue

13. **Plaintiff's Letters to Previous Counsel**: Correspondence to previous counsel is protected from discovery by the attorney-client privilege

Additional documents will be supplemented to the extent received or located after the date of those above.

C.  Damages Computation

- One year lost wages from APL Logistics: $27,863.00

- Hourly wage difference between APL Logistics ($13.3587/hour) and Plaintiff's current employment ($11/hour) on a forty-hour per week basis: $4,906.10, per year

- Attorney's fees: to date, in excess of $5000; costs to continue to accrue throughout litigation.  Investigation continues;

- Costs as allowed by the Rules of the Northern District; as incurred throughout litigation.  Investigation continues;

- Punitive Damages: to the extent allowed by law;

- Consequential and Compensatory Damages: compensate plaintiff for non-pecuniary losses, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing

    - Compensatory plus Punitive Damages capped at $50,000, $100,000, $200,000, or $300,000, depending upon the number of

Defendant's employees. 42 U.S.C. § 2000e-5(k). It is expected that during discovery, we will learn which statutory cap is to apply.

SPESIA, AYERS & ARDAUGH

BY: _____
Attorneys for Plaintiff

Mark A. Lichtenwalter
Tricia M. Pellegrini
SPESIA, AYERS & ARDAUGH
1415 Black Road
Joliet, Illinois 60435
(815) 726-4311