IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA WILLIS STEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 07C-6440 |
| and ) | |
| ) | |
| APL LOGISTICS, ) | |
| ) | |
| Defendant. ) | |

# FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, ERICA WILLIS STEELE, by her attorneys, SPESIA, AYERS & ARDAUGH, and for her First Amended Complaint at Law against the Defendants, APL LOGISTICS, and STEPHEN MCELRATH, Individually and as Agent and Servant of APL LOGISTICS, states as follows:

## INTRODUCTION

1.  Plaintiff, ERICA WILLIS STEELE (hereinafter "STEELE"), was and continues to be a resident of Will County, Illinois at all times relevant to this Complaint.

2.  Defendant, APL LOGISTICS (hereinafter "APL"), owns and operates a Warehouse Management Services branch located at 715 Theodore Court, Romeoville, Illinois in Will County, Illinois. The allegations contained in this Complaint took place at 715 Theodore Court, Romeoville, Illinois.

3.  STEELE, a female, was employed as a Customer Service Representative with APL from January 24, 2005 until June 9, 2006.

4.  STEPHEN MCELRATH (hereinafter "MCELRATH"), was an APL employee, agent of APL, and STEELE's immediate supervisor during this time period.

5.  Beginning on or about January 1, 2006, and continuing through May 15, 2006, STEELE was subjected to harassment by MCELRATH in the form of unwanted physical contact with Plaintiff's person, derogatory comments regarding Plaintiff's appearance, and requests for sexual favors.

6.  Upon each act of harassment by MCELRATH, STEELE immediately objected to his behavior, expressed that she was offended by the behavior, and demanded that he stop at once.

7.  On information and belief, despite STEELE's objection, MCELRATH continued to harass her, offering to influence promotions, pay raises, and other employment privileges available to STEELE in exchange for sexual favors.

8.  On information and belief, APL did not have or distribute employee handbooks and had no known sexual harassment policy in place for employees to follow.

9.  On or about January 27, 2006, STEELE complained of MCELRATH'S continuing unwanted sexual advances to the appropriate Human Resources Department of APL, and asked to be moved to a different department or location in the company. No action was taken by APL to correct the situation.

10.  When the sexual harassment of STEELE continued, STEELE filed her Complaint of Civil Rights Violation with the Illinois Human Rights Commission and the Equal Employment Opportunity Commission on May 23, 2007. [Exhibit "A"]

11.  The Equal Employment Opportunity Commission mailed a Notice of Right to Sue on July 6, 2007, giving STEELE the right to file suit in state or federal court under Title VII of the Civil Rights Act of 1964. [Exhibit "B"]

## COUNT I:  QUID PRO QUO SEXUAL HARASSMENT
### (APL Logistics through its agent, Steven McElrath)

1-11.  Plaintiff STEELE repeats and re-alleges Paragraphs 1-11 as Paragraphs 1-11 of Count I as though fully stated herein.

12.  As STEELE's supervisor, MCELRATH had a duty to provide a workplace free of sexual harassment for his employees.

13.  MCELRATH breached his duty as a supervisor to STEELE by exposing her to unwanted sexual harassment, as described, *infra*.

14.  On information and belief, during STEELE's employment, MCELRATH continuously subjected STEELE to harassment of a sexual nature, and offered to make privileges of employment, such as promotions and pay raises, available to STEELE in exchange for sexual favors.

15.  On information and belief, STEELE's submission to or rejection of MCELRATH's sexual advances provided the basis for employment decisions regarding her position.

16.  As a direct and proximate result of Defendants' quid pro quo sexual harassment, STEELE has suffered damages, including lost wages and an hourly wage differential between her employments at APL and her current employment.

17.  Further, Plaintiff seeks special damages, including reasonable attorneys fees pursuant to 42 U.S.C. Sec. 2000e-5(k); and punitive damages pursuant to 42 U.S.C. Sec. 1981a. in the maximum amount allowable for the number of employees of APL LOGISTICS.

WHEREFORE, the Plaintiff, ERICA WILLIS STEELE, respectfully requests this Court enter judgment in her favor and against the Defendants, APL LOGISTICS, and STEPHEN MCELRATH, Individually and as agent for APL LOGISTICS, for damages in excess of $75,000, attorneys' fees and costs of suit, and any other relief this Court finds just and equitable.

### COUNT II: HOSTILE ENVIRONMENT SEXUAL HARASSMENT
### (APL LOGISTICS)

1-15.   Plaintiff STEELE repeats and re-alleges Paragraphs 1-15 as Paragraphs 1-15 of Count II as though fully stated herein.

16.   APL has a duty to provide and maintain a workplace such that no hostile environment exists for its employees.

17.   APL breached this duty by failing to remedy a known situation of sexual harassment, as described, *infra*.

18.   After being subjected to continuing unwelcome verbal and physical sexual harassment by MCELRATH, STEELE became afraid to attend work because the environment had become permeated with regular unwanted harassment.

19.   In order to avoid the intimidating work environment, STEELE began to use a number of her sick and personal days.

20.   At the onset of the harassment, STEELE immediately sought out a company policy regarding the correction of sexual harassment and was unable to locate any such procedure; therefore, STEELE reasonably requested a solution from APL's Human Resources Department.

21. After STEELE formally complained to the Human Resources Department of APL, APL had actual knowledge of the harassment and had a duty to take all necessary steps to eliminate the harassment.

22. APL breached its duty to respond and remedy the situation when it took absolutely no action in response to STEELE's complaint, thus allowing the sexual advances and intimidating working environment to continue and then escalate.

23. MCELRATH, an agent of APL, informed many of STEELE's male and female co-workers of the action STEELE had taken against him. Soon after STEELE's co-workers were verbally notified of the sexual harassment complaint, they acted out against STEELE, harassing her and refusing to associate with her, adding to the hostile working environment for STEELE.

24. As a direct and proximate result of Defendants' quid pro quo sexual harassment, STEELE has suffered damages, including lost wages and an hourly wage differential between her employments at APL and her current employment.

25. Further, Plaintiff seeks special damages, including reasonable attorneys fees pursuant to 42 U.S.C. Sec. 2000e-5(k); and punitive damages pursuant to 42 U.S.C. Sec. 1981a. in the maximum amount allowable for the number of employees of APL LOGISTICS.

WHEREFORE, the Plaintiff, ERICA WILLIS STEELE, respectfully requests this Court enter judgment in her favor and against the Defendants, APL LOGISTICS, and STEPHEN MCELRATH, Individually and as agent for APL LOGISTICS, for damages in excess of $75,000, attorneys' fees and costs of suit, and any other relief this Court finds just and equitable.

Respectfully submitted,

SPESIA, AYERS & ARDAUGH

/s/ MARK A. LICHTENWALTER

Mark A. Lichtenwalter - #06280473
SPESIA, AYERS & ARDAUGH
1415 Black Road
Joliet, Illinois 60435
(815)726-4311
#91388