Charge Number:  2006CF3078
Erica Willis Steele
Page 3

2.  I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

3.  Beginning on or about May 12, 2006 and continuing through May 15, 2006 I was harassed by Jerry Vance (white), Respondent's Operations Manager, and Bill Banks (black), Respondent's General Manager.  Vance and Banks would verbally harass me by making statements, such as you people need to get together and get that office together; prohibits me from eating at my desk; verbally admonish me about the way I perform my duties, and they have engaged in other actions which I have perceived to be negative, unprofessional, and harassing.

4.  I believe that there have been other, similarly situated, non-black customer service representatives, such as Kathy Zabrowski and others, that have levels of work performance which is similar to mine, but they were not being harassed in Respondent's workplace as I have been.

III.  A.  ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT MAY 12, 2006 AND CONTINUING THROUGH MAY 15, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE.

B.  PRIMA FACIE ALLEGATIONS

1.  On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

2.  Beginning on or about May 12, 2006 and continuing through May 15, 2006 I was harassed by Jerry Vance, Respondent's Operations Manager, and Bill Banks, Respondent's General Manager.  Vance and Banks would

(Continued)

Charge Number:  2006CF3078
Erica Willis Steele
Page 4

verbally harass me by making statements, such as you people need to get together and get that office together; prohibits me from eating at my desk; verbally admonish me about the way I perform my duties, and they have engaged in other actions which I have perceived to be negative, unprofessional, and harassing.

3.   Respondent's actions have followed my protected activity within such a period of time as to raise an  inference of retaliatory motivation.

IV.   A.   ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT MAY 12, 2006, BECAUSE OF MY RACE, BLACK.

B.   PRIMA FACIE ALLEGATIONS

1.   My race is black.

2.   I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

3.   On or about May 12, 2006, I received a written disciplinary warning from Stephen B. McElrath (black), Respondent's Postal Supervisor.  McElrath's documentation states that I was issued the written disciplinary warning allegedly for not following proper work procedures.  I did not engage in any acts of willful misconduct  which merited the issuance of any written disciplinary warning.

4.   I believe that there have been other, similarly situated, non-black customer service representatives, such as Kathy Zabrowski and others, that have levels of work performance which is similar to mine, but they were not issued a written disciplinary action for their failure to follow proper work procedures.

V.   A.   ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT MAY 12, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE.

(Continued)

Charge Number:  2006CF3078
Erica Willis Steele
Page 5

B.     PRIMA FACIE ALLEGATIONS

1.     On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

2.     On or about May 12, 2006, I received a written disciplinary warning from Stephen B. McElrath, Respondent's Postal Supervisor.  McElrath's documentation states that I was issued the written disciplinary warning allegedly for not following proper work procedures.  I did not engage in any acts of willful misconduct  which merited the issuance of any written disciplinary warning.

3.     Respondent's actions have followed my protected activity within such a period of time as to raise an  inference of retaliatory motivation.

VI.   A.   ISSUE/BASIS

THREE (3) DAY SUSPENSION, ON OR ABOUT MAY 15, 2006, BECAUSE OF MY RACE, BLACK.

B.     PRIMA FACIE ALLEGATIONS

1.     My race is black.

2.     I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

3.     On or about May 15, 2005, I was issued a three (3) day suspension from Stephen McElrath (black), Respondent's Postal Supervisor.  McElrath's written document states that I was issued the suspension because I allegedly falsified company documents.  I did not engage in any acts of willful misconduct which merited the issuance of any three (3) day suspension.

(Continued)

Charge Number:  2006CF 3078
Erica Willis Steele
Page 6

4. I believe that there have been other, similarly situated, non-black customer service representatives, such as Kathy Zabrowski and others, that have levels of work performance which is similar to mine, that have either been accused of, or have engaged in acts of falsifying Respondent's documents, but they were not issued a written disciplinary notice issuing them a three (3) day suspension for falsification of company documents.

## VII. A.   ISSUE/BASIS

THREE (3) DAY SUSPENSION, ON OR ABOUT MAY 15, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE.

### B.   PRIMA FACIE ALLEGATIONS

1. On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

2. On or about May 15, 2005, I was issued a three (3) day suspension from Stephen McElrath, Respondent's Postal Supervisor. McElrath's written document states that I was issued the suspension because I allegedly falsified company documents. I did not engage in any acts of willful misconduct which merited the issuance of any three (3) day suspension.

3. Respondent's actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

ACF/JJT/RCG

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

(06W0517-11A)

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2006CF3078 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Erica Willis Steele | (815) 372-2299 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 14126 Faulkner Court | Plainfield, IL. 60544 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE |
|---|---|---|
| APL Logistics | | (815) 372-1963 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 715 Theodore Court | Romeoville, IL. 60549 | Will (197) |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION |
|---|---|
| Retaliation | EARLIEST (ADEA/EPA) LATEST (ALL) 05/22/06 ☐ CONTINUING ACTION |

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

<u>AMENDMENT I</u>

This charge is being amended to add Issue VIII.

VIII.   A.    ISSUE/BASIS

SUSPENSION – MAY 22, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE

B.    PRIMA FACIE ALLEGATIONS

1.    On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

(Continued)

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS 5/23/0_ |
|---|---|
| | NOTARY SIGNATURE          MONTH DATE-YEAR |
| "OFFICIAL SEAL" RAQUEL C. GUERRA Notary Public, State of Illinois My Commission Expires 4/12/2008 NOTARY SEAL | X Erica Steele     5-23-06 SIGNATURE OF COMPLAINANT          DATE I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

Charge Number: 2006( )078
Erica Willis Steele
Page 2

2.   On May 18, 2006, I again engaged in a protected activity when I filed this
     charge of discrimination opposing that which I reasonably and in good faith
     believed to be sexual harassment.

3.   On May 19, 2006, when I reported to work, within the hour Stephen
     McElrath, Respondent's Postal Supervisor, sent me home. Before I left
     Respondent's facility I provided Mary Warner, Respondent's Human
     Resources Representative, a copy of my discrimination charge.

4.   On May 22, 2006, I returned to work and was immediately informed by
     McElrath, that I was suspended pending termination for being
     insubordinate, not answering any work related questions asked and calling
     him a liar. These accusations are untrue and are in retaliation for filing my
     discrimination charge.

5.   The adverse action followed my protected activity within such a period of
     time as to raise an inference of retaliatory motivation.

MEE/RCG