IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA WILLIS STEELE, | ) |
|     Plaintiff, | ) |
| and | ) Case No. 07C-6440 |
| APL LOGISTICS, | ) |
|     Defendant. | ) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, APL Logistics Warehouse Management Services (incorrectly named as APL Logistics)("APL"), and moves this Court to enter judgment in its favor and against Plaintiff on all counts of Plaintiff's Complaint pursuant to Rule 56, F.R.C.P.

In support of this Motion, APL states as follows:

**Procedural Posture**

1. On May 18, 2006, Plaintiff filed a Charge of Discrimination against APL with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission alleging she was subjected to sexual harassment, racial harassment and retaliation (the "Charge").

2. The U. S. Equal Employment Opportunity Commission issued a Notice of Right to Sue on July 6, 2007.

3. On October 4, 2007, Plaintiff filed a three-count Complaint in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois in which she alleged that she was subjected to *quid pro quo* sexual harassment (Count I), hostile environment sexual harassment (Count II), and gender discrimination (Count III).

5. This matter was removed to the United States District Court, Northern District of Illinois on November 14, 2007.

6. On January 10, 2008 this Court granted Plaintiff's motion to voluntarily dismiss McElrath individually from her *quid pro quo* sexual harassment claim, Count I of the Complaint.

7. On January 28, 2008, this Court dismissed Count III of the Complaint (Gender Discrimination) due to lack of subject matter jurisdiction.

**Background**

8. APL provides third-party logistical and warehousing services and maintains a facility in Romeoville, Illinois, where Plaintiff was employed.

9. Plaintiff was employed as a Customer Service Representative from January 24, 2005 until June 9, 2006. (Complaint, ¶3). Prior to being employed as a regular APL employee, Plaintiff worked at APL as a temporary employee.

10. Plaintiff filed the charge Plaintiff filed a charge of discrimination only after Plaintiff received a written warning for poor work performance and a 3-day suspension for falsifying her time records.

11. Plaintiff admitted in her deposition that she did not quit her job on account of the purported sexual harassment.

12. Although Plaintiff alleges that she was subjected to both *quid pro quo* and hostile environment sexual harassment by former APL employee Stephen McElrath ("McElrath"), while Plaintiff was employed at APL, she and McElrath would refer to each other by the respective pet names "Gorgeous" and "Sugarfoot". (Depo. at 9, 11-12).

13. The purported sexual harassment to which Plaintiff alleges she was subjected was limited in time from December 2005 through April 2006. (Depo. at 7.)

**Basis for Summary Judgment**

14. The conduct to which Plaintiff alleges she was subjected was neither severe nor pervasive enough to constitute actionable sexual harassment as a matter of law. Weiss v. Coca-Cola Bottling Co. of Chicago, 990 F.2d 333 (7th Cir. 1993).

15. APL is further entitled to judgment as a matter of law on Count I of Plaintiff's Complaint (for *quid pro quo* sexual harassment) because Plaintiff did not suffer any tangible employment action as a matter of law. Bryson v. Chicago State Univ., 96 F.3d 912, 915 (7th Circuit 1996).

    a. Plaintiff's own testimony establishes that there were no employment decisions that were related to her submission to or rejection of McElrath's alleged sexual advances. Plaintiff admitted that she knew that McElrath did not the authority to determine whether or not she received a raise (Depo. at 116-117) and that she was never denied a raise or a promotion that she believes she should have received. (Depo. at 119) As a matter of law, these admissions are fatal to Count I of the Complaint. Jackson v. County of Racine, 474 F.3d 493, 501 (7th Circuit 2001).

    b. While Plaintiff was disciplined on three occasions, she does not contend that she was disciplined for refusing McElrath's alleged advances, instead asserting that her discipline was in retaliation for reporting the alleged sexual harassment. (Depo. at 141-142). Plaintiff does not assert that any of the discipline was due to her rejection of McElrath's alleged sexual advances, which also defeats her claim of *quid pro quo* sexual harassment, Bryson v. Chicago State Univ., 96 F.3d 912, 915; Fields v. Illinois Dept. of Corrections, 2006 WL 2631986 (S.D. Ill. 2006).

16. APL is entitled to judgment as a matter of law on Count II of Plaintiff's Complaint (for hostile environment sexual harassment) because, even if Plaintiff's allegations of harassment are true, they are not sufficiently severe or pervasive to support a claim for hostile environment. Weiss v. Coca-Cola Bottling Co. of Chicago, 990 F.2d 333 (7th Circuit 1993). Rather, Plaintiff's allegations fall into the category of "occasional vulgar banter, tinged with sexual innuendo, of coarse and boorish workers" and do not rise to the level of actionable hostile environment sexual harassment. Hostetler v. Quality Dining, Inc., 218 F.3d 798, 806 (7th Circuit 2000).

    a. Plaintiff's only allegation of physical contact was that McElrath attempted hugging her between two and four times over the course of five months. (Depo. at 9, 15) Such physical contact is both to isolated and insufficiently abusive to be considered "severe" and therefore does not support a claim for hostile environment sexual harassment. Hostetler v. Quality Dining, Inc., 218 F.3d 798.

    b. Plaintiff admitted in her deposition testimony that she referred to McElrath by the pet name of "Sugarfoot" (Depo. at 11-12) and asserted that he referred to her by the pet name of "Gorgeous". (Depo. at 9.) Plaintiff behavior in this regard does not support her assertions of a hostile environment. Weiss v. Coca-Cola Bottling Co. of Chicago, 990 F.2d 333 (7th Circuit 1993).

    c. Although Plaintiff may subjectively have found her work environment to be hostile, an objectively reasonable person would not. Saxton v. American Tel. & Tel. Co., 10 F.3d 526 (7th Cir. 1993).

    d. Plaintiff's allegations that she was afraid to attend work because of the alleged harassment and used "a number of sick and personal days to avoid the intimidating work environment" (Complaint at 18, 19) is refuted by Plaintiff's own deposition testimony. Plaintiff

was absent for 4.5 hours on May 25, 2006, 8 hours on June 2, 2006 and 4 hours on June 6, 2006, <u>a month after Plaintiff testified that the harassment ceased</u>.  (Depo. at 40-41) (Emphasis added.) Plaintiff further testified in her deposition that she left work on June 6, 2006 because she was "in a lot of pain at that time of the month" and because McElrath gave her a large box of paperwork to review (Depo. at 162-164) although Plaintiff claims that she would have performed the task if McElrath would have helped her.  (Depo. at 159, 162-163).

19. Plaintiff admitted in her deposition that the alleged sexual harassment did not cause her to quit her job at APL.

## **CONCLUSION**

APL is entitled to judgment as a matter of law on both Counts of Plaintiff's Complaint. Count I of Plaintiff's Complaint for *quid pro quo* sexual harassment fails both because Plaintiff was not subjected to actionable sexual harassment as a matter of law and because Plaintiff admitted in her deposition that she did not suffer a tangible employment action as a result of the alleged harassment.  Similarly, APL is entitled to judgment on Count II of Plaintiff's Complaint for hostile environment sexual harassment because Plaintiff's deposition testimony demonstrates that the alleged conduct to which Plaintiff contends she was subjected did not rise to the level of actionable sexual harassment as a matter of law.

WHEREFORE, Defendant APL Logistics Warehouse Management Services, Inc. respectfully moves for judgment in its favor and against Plaintiff on both remaining Counts of Plaintiff's Complaint, as well as for such other relief as this Court deems just and proper.

    Respectfully submitted,

    BOBROFF, HESSE,
    LINDMARK & MARTONE, P.C

by:    /s/ Andrew J. Martone
    Andrew J. Martone #06203524
    1650 Des Peres Road, Suite 200
    St. Louis, MO  63131
    (314) 862-0300 - Telephone
    (314) 862-7010 – Facsimile
    E-mail  andymartone@bobroffhesse.com

    and

    /s/ John K. Kallman
    John K. Kallman #1387006
    221 North LaSalle Street, Suite 1200
    Chicago, IL 60601
    (314) 578-1515

    Attorneys for Defendant APL Logistics Warehouse Management Services, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that on June 18, 2008, the foregoing was filed electronically with the Clerk of Court to be served by via email and via operation of the Court's electronic filing system upon:

| | |
|---|---|
| Mark A. Lichtenwalter, Esq. | Ms. Tricia M. Pelligrini |
| Spesia, Ayers & Ardaugh | Spesia, Ayers & Ardaugh |
| 1415 Black Road | 1415 Black Road |
| Joliet, IL  60435 | Joliet, IL  60435 |
| mlichtenwalter@spesia-ayers.com | tpellegrini@spesia-ayers.com |

    ____/s/ Andrew J. Martone_____