On June 6, 2006
Superviser Stephen McElrath Tells me
that I need to look through this Big
Box of Paperwork from (2000) and find forms
for Detention charge that the Company
owes. Early morn in the Day he heard me
say that my stomach was bothering me.
He's always trying to do things to Get
on my nerve. I left and went home.
to avoid getting fired.

June 7, 2006
Superviser Stephen McElrath again
Gives me the same box and tells me
to find the Trailers for Dentention charges
He leaves the office and goes up front to
the cafeteria, I walk up front to the
ladies Room, while inside the ladies
room, I hear Superviser Stephen
talking to other warehouse Guys Craig
owens, Stacy Harrison and Demetrius
Lewis, telling them "Im gonna make her
ass quit, I gave her ass this Big Box
of paperwork to look through, maybe
she'll go home again today" says Craig
and they were all laughing. Superviser
Stephen says that "ll give her ass a
big headache.



EXHIBIT
1
CZ 5-1-08
babbies.

I then come out of the ladies Room, and look directly at Supervisor Stephen, and I say ok Steve, we will see who will have the last laugh. I ask mary Werner Human Resource if I could talk to her, I tell mary Werner ~~I heard~~ ~~mary danett~~ if they could separate ~~myself~~ me and Stephen, Because he's talking ~~mile I~~ Bad about me to all the Guys ~~in~~ ~~was in~~ the warehouse. He's doing ~~things~~ to me ~~the~~ to try to get on MY nerves. ~~Every~~ ~~resroom~~ ~~bad~~ one here at Apl ~~treats me so~~ different. He told a couple of Guys Not to Talk To me anymore because I filed ~~a~~ ~~sexual~~ harassment against him. Mary respond - really!!! Just so you know Erica, ~~mamm~~ ~~Karen~~ will be ~~karen~~ coming to talk to a Couple of People ~~tomorrow~~ And I ask her will she talk to me, mary ~~says~~ she don't know. ~~mary~~ She will ~~be~~ determine if you and Stephen needs to be Separated.

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

ERICA WILLIS STEELE,                    )
                                        )
         Plaintiff,                     )
                                        )
vs.                                     )   07 No. L    673
                                        )
APL LOGISTICS, and STEPHEN              )
MCELRATH, Individually and as Agent     )
and Servant of APL LOGISTICS            )
                                        )
         Defendant.                     )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ERICA WILLIS STEELE, by her attorneys, SPESIA,

AYERS & ARDAUGH, and for her Complaint At Law against the Defendants, APL

LOGISTICS, and STEPHEN MCELRATH, Individually and as Agent and Servant of APL

LOGISTICS, states as follows:

### INTRODUCTION

1.     Plaintiff, ERICA WILLIS STEELE (hereinafter "STEELE"), was and

continues to be a resident of Will County, Illinois at all times relevant to this Complaint.

2.     Defendant, APL LOGISTICS (hereinafter "APL"), owns and operates a

Warehouse Management Services branch located at 715 Theodore Court, Romeoville,

Illinois in Will County, Illinois.  The allegations contained in this Complaint took place at

715 Theodore Court, Romeoville, Illinois.

3.     STEELE, a female, was employed as a Customer Service Representative

with APL from January 24, 2005 until June 9, 2006.

4.     STEPHEN MCELRATH (hereinafter "MCELRATH"), was an APL

employee and STEELE's immediate supervisor during this time period.

EXHIBIT
2
CZ  5-1-08

Initial case management set for
1-22-08          at:  9    am

On June 6, 2006
Superviser Stephen McElrath Tells me
that I need to look through this Big
Box of Paperwork from (2000) and find forms
for Detention charge that the Company
owes. Early morn in the Day he heard me
say that my stomach was bothering me.
He's always trying to do things to get
on my nerve.. I left and went home.
to avoid getting fired.


June 7, 2006
Supervisor Stephen McElrath again
Gives me the same box. and tells me
to find the Trailers for Deptention charges
He leaves the office and goes up front to
the cafeteria, I walk up front to the
ladies Room, while inside the ladies
room, I hear Superviser stephen
talking to other warehouse Guys Craig
owens stacy Harrison and Demetrius
lewis telling them "I'm gonna make her
ass quit, I gave her ass this Big Box
of paperwork to look through, maybe
she'll go home again today Man says Craig
and they were all laughing, Supervise
Stephen says that'll give her ass a
big headache.



EXHIBIT
CZ  5-1-08
bobbies

I then come out of the ladies Room, and Look directly at Supervisor Stephen, and I say OK Steve, we will see who will have the last laugh. I ask mary Werner-Human Resource if I could talk to her. I tell Mary Werner (I heard him talking about myself) Mary and ⟨...⟩ if they could Separate me and Stephen, Because he's talking (while I was in the restroom) Bad about me to all the Guys in the warehouse. He's doing things to me to try to get on my nerves. Everybody one here at Apl treats me so different. He told a couple of Guys Not to talk to me anymore because I filed a sexual harassment against him. Mary respond - really!!! Just so you Know Erica, ⟨...⟩ Faren will be coming to talk to a couple of People tomorrow. And I ask her will she talk to me, mary says she don't know. She will determine if you and Stephen needs to be Separated.

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

ERICA WILLIS STEELE,                    )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )   07 No. L    673
                                        )
APL LOGISTICS, and STEPHEN              )
MCELRATH, Individually and as Agent     )
and Servant of APL LOGISTICS            )
                                        )
        Defendant.                      )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ERICA WILLIS STEELE, by her attorneys, SPESIA,

AYERS & ARDAUGH, and for her Complaint At Law against the Defendants, APL

LOGISTICS, and STEPHEN MCELRATH, Individually and as Agent and Servant of APL

LOGISTICS, states as follows:

### INTRODUCTION

1.      Plaintiff, ERICA WILLIS STEELE (hereinafter "STEELE"), was and

continues to be a resident of Will County, Illinois at all times relevant to this Complaint.

2.      Defendant, APL LOGISTICS (hereinafter "APL"),owns and operates a

Warehouse Management Services branch located at 715 Theodore Court, Romeoville,

Illinois in Will County, Illinois.  The allegations contained in this Complaint took place at

715 Theodore Court, Romeoville, Illinois.

3.      STEELE, a female, was employed as a Customer Service Representative

with APL from January 24, 2005 until June 9, 2006.

4.      STEPHEN MCELRATH (hereinafter "MCELRATH"), was an APL

employee and STEELE's immediate supervisor during this time period.

EXHIBIT
2
CZ  5-1-08

Initial case management set for

1-22-08 ____ at: ___ 9 ___ am

5.     Beginning on or about January 1, 2006, and continuing through May 15, 2006, STEELE was subjected to harassment by MCELRATH in the form of unwanted physical contact with Plaintiff's person, derogatory comments regarding Plaintiff's appearance, and requests for sexual favors.

6.     Upon each act of harassment by MCELRATH, STEELE immediately objected to his behavior, expressed that she was offended by the behavior, and demanded that he stop at once.

7.     On information and belief, despite STEELE's objection, MCELRATH continued to harass her, offering to influence promotions, pay raises, and other employment privileges available to STEELE in exchange for sexual favors.

8.     On information and belief, APL did not have or distribute employee handbooks and had no known sexual harassment policy in place for employees to follow.

9.     On or about January 27, 2006, STEELE complained of MCELRATH'S continuing unwanted sexual advances to the appropriate Human Resources Department of APL, and asked to be moved to a different department or location in the company.  No action was taken by APL to correct the situation.

10.     When the sexual harassment of STEELE continued, STEELE filed her Complaint of Civil Rights Violation with the Illinois Human Rights Commission and the Equal Employment Opportunity Commission on May 23, 2007.  [Exhibit "A"]

11.     The Equal Employment Opportunity Commission mailed a Notice of Right to Sue on July 6, 2007, giving STEELE the right to file suit in state or federal court under Title VII of the Civil Rights Act of 1964.  [Exhibit "B"]

2

## COUNT I: QUID PRO QUO SEXUAL HARASSMENT
## (STEPHEN MCELRATH, Individually and as Agent of APL Logistics)

1-11.  Plaintiff STEELE repeats and re-alleges Paragraphs 1-11 as Paragraphs 1-11 of Count I as though fully stated herein.

12.    As STEELE's supervisor, MCELRATH had a duty to provide a workplace free of sexual harassment for his employees.

13.    MCELRATH breached his duty as a supervisor to STEELE by exposing her to unwanted sexual harassment, as described, *infra*.

14.    On information and belief, during STEELE's employment, MCELRATH continuously subjected STEELE to harassment of a sexual nature, and offered to make privileges of employment, such as promotions and pay raises, available to STEELE in exchange for sexual favors.

15.    On information and belief, STEELE's submission to or rejection of MCELRATH's sexual advances provided the basis for employment decisions regarding her position.

WHEREFORE, the Plaintiff, ERICA WILLIS STEELE, respectfully requests this Court enter judgment in her favor and against the Defendants, APL LOGISTICS, and STEPHEN MCELRATH, Individually and as agent for APL LOGISTICS, for damages in excess of $75,000, fees and costs of suit, and any other relief this Court finds just and equitable.

## COUNT II: HOSTILE ENVIRONMENT SEXUAL HARASSMENT
## (APL LOGISTICS)

1-15.  Plaintiff STEELE repeats and re-alleges Paragraphs 1-15 as Paragraphs 1-15 of Count II as though fully stated herein.

3

16.    APL has a duty to provide and maintain a workplace such that no hostile environment exists for its employees.

17.    APL breached this duty by failing to remedy a known situation of sexual harassment, as described, *infra*.

18.    After being subjected to continuing unwelcome verbal and physical sexual harassment by MCELRATH, STEELE became afraid to attend work because the environment had become permeated with regular unwanted harassment.

19.    In order to avoid the intimidating work environment, STEELE began to use a number of her sick and personal days.

20.    At the onset of the harassment, STEELE immediately sought out a company policy regarding the correction of sexual harassment and was unable to locate any such procedure; therefore, STEELE reasonably requested a solution from APL's Human Resources Department.

21.    After STEELE formally complained to the Human Resources Department of APL, APL had actual knowledge of the harassment and had a duty to take all necessary steps to eliminate the harassment.

22.    APL breached its duty to respond and remedy the situation when it took absolutely no action in response to STEELE's complaint, thus allowing the sexual advances and intimidating working environment to continue and then escalate.

23.    MCELRATH, an agent of APL, informed many of STEELE's male and female co-workers of the action STEELE had taken against him.  Soon after STEELE's co-workers were verbally notified of the sexual harassment complaint, they acted out

4

against STEELE, harassing her and refusing to associate with her, adding to the hostile

working environment for STEELE.

WHEREFORE, the Plaintiff, ERICA WILLIS STEELE, respectfully requests this

Court enter judgment in her favor and against the Defendants, APL LOGISTICS,.and

STEPHEN MCELRATH, Individually and as agent for APL LOGISTICS, for damages in

excess of $75,000, fees and costs of suit, and any other relief this Court finds just and

equitable.

**COUNT III: GENDER DISCRIMINATION**
**(APL LOGISTICS)**

1-23.   Plaintiff STEELE repeats and re-alleges Paragraphs 1-23 as Paragraphs

1-23 of Count III as though fully stated herein.

24.     According to the Illinois Human Rights Act, APL has a duty to provide a

workplace which is free from discrimination with regards to hiring, promotion, renewal of

employment, selection for training or apprenticeship, discharge, discipline, tenure or

terms, and privileges or conditions of employment on the basis of gender.  735 ILCS

5/1-102 (2004).

25.     APL breached this duty by failing to prevent the harassment of and

discrimination against STEELE on the basis of her gender, as described, *infra*.

26.     At all times relevant to this Complaint, STEELE is a female who

satisfactorily performed her duties as a Customer Service Representative at APL.

27.     Despite adequately meeting all employment requirements, STEELE

experienced unwelcome verbal and physical conduct of a sexual nature by her male

supervisor because of her sex.

5

28.     On information and belief, employment opportunities in the form of promotions or raises were conditional to STEELE on the basis of her sex, and were solely offered to her in exchange for her participation in acts of a sexual nature.

29.     On information and belief, these employment opportunities were not offered on a conditional basis for STEELE's male co-workers, who received promotions or raises on some basis other than sex or gender.

WHEREFORE, the Plaintiff, ERICA WILLIS STEELE, respectfully requests this Court enter judgment in her favor and against the Defendants, APL LOGISTICS, and STEPHEN MCELRATH, Individually and as agent for APL LOGISTICS, for damages in excess of $75,000, fees and costs of suit, and any other relief this Court finds just and equitable.

Respectfully submitted,

SPESIA, AYERS & ARDAUGH

BY: _____

Attorney for Plaintiff

Mark A. Lichtenwalter - #06280473
SPESIA, AYERS & ARDAUGH
1415 Black Road
Joliet, Illinois 60435
(815)726-4311

6 .

# Exhibit "A"

(Rev. 9/17/04) IHRC003

STATE OF ILLINOIS

HUMAN RIGHTS COMMISSION

IN THE MATTER OF:

Erica L. Steele _____ )
                                    )
                                    )
                                    )
                                    )
                Complainant(s),)
                                    )
and                                 )
                                    )
APL Logistics _____   )
                                    )
                                    )
                Respondent(s).)

```
┌─────────────────────────────┐
│   RECEIVED                  │
│   MAY 2 3 2007              │
│  HUMAN RIGHTS COMMISSION    │
│        COPS FX MM D         │
└─────────────────────────────┘
```

CHARGE NO: 2006 CF 3018
EEOC NO: _____
ALS NO: _____

DEPT. OF HUMAN RIGHTS
SWITCHBOARD

MAY 2 3 2007

COMPLAINT OF CIVIL RIGHTS VIOLATION

1) My name is: Erica L. Steele _____

2) The name of the Respondent is: APL Logisticc _____

3) I filed a Charge of discrimination against the Respondent with the Illinois Department of Human Rights on 5-18-2006. [A copy of your verified Charge should be submitted with this Complaint.]

4) The Respondent violated the Human Rights Act in the following way: [State precisely how the Respondent violated the Human Rights Act. Give names, dates, places, etc. State which part of the Human Rights Act was violated (for example, there was discrimination based on race, religion, national origin, etc.). If you desire, you may attach the copy of your Charge, and incorporate it by reference. If you wish to make the Charge part of this Complaint, please check the following box and attach the copy of the Charge.] ☑

## VERIFICATION

I do hereby swear or affirm that the facts set out in this Complaint of Civil Rights Violation are true.

_Erica L. Steele_
**Complainant**

Subscribed and sworn to before me on this __D3__ day of __May__, 200_7_.

_Julie A. Terlep_
Notary Public

> "OFFICIAL SEAL"
> Julie A. Terlep
> Notary Public, State of Illinois
> My Commission Exp. 08/23/2009

## SERVICE

I ask that the Commission serve a copy of the Complaint in this case on the Respondent by sending it to:

APL LOGISTICS

who is the __Manager/Human Resources__
(Insert the official title of the person)

of/for Respondent. His/Her address is: __715 Theodore Court__
__Romeoville, IL 60549__

**********

[Please note:    YOU MUST TAKE A COPY OF YOUR COMPLAINT TO THE DEPARTMENT OF HUMAN RIGHTS AND GIVE IT TO THE DEPARTMENT ON THE SAME DAY YOU FILE YOUR COMPLAINT WITH THE COMMISSION. IN CHICAGO, THE DEPARTMENT IS LOCATED ON THE TENTH FLOOR OF THE THOMPSON CENTER.]

| **CHARGE OF DISCRIMINATION** This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. (06W0517-11) | **AGENCY** ☒ IDHR ☐ EEOC | **CHARGE NUMBER** 2006CF3078 |
| --- | --- | --- |

### Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.) Ms. Erica Willis Steele | HOME TELEPHONE (include area code) (815) 372-2299 | |
| --- | --- | --- |
| STREET ADDRESS 14126 Faulkner Court | CITY, STATE AND ZIP CODE Plainfield, IL. 60544 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME APL Logistics | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (815) 372-1963 |
| --- | --- | --- |
| STREET ADDRESS 715 Theodore Court | CITY, STATE AND ZIP CODE Romeoville, IL. 60549 | COUNTY Will (197) |

| CAUSE OF DISCRIMINATION BASED ON: Race    Retaliation | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) 05/15/06 ☐ CONTINUING ACTION |
| --- | --- |

**THE PARTICULARS ARE** (if additional space is needed attach extra sheets)

I.  A.  **ISSUE/BASIS**

        **SEXUAL HARASSMENT, BEGINNING ON OR ABOUT JANUARY 2, 2006 AND CONTINUING THROUGH MAY 15, 2006.**

  B.  **PRIMA FACIE ALLEGATIONS**

    1.  My sex is female.

    2.  I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

**(Continued)**

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS  5/18/06 _____ NOTARY SIGNATURE      MONTH DATE-YEAR |
| --- | --- |
| "OFFICIAL SEAL" RAQUEL C. GUERRA Notary Public, State of Illinois My Commission Expires 4/12/2008 **NOTARY SEAL** | X  _Erica S. Steele_    5-18-2006 SIGNATURE OF COMPLAINANT    DATE I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

Charge Number:  2006CF3078
Erica Willis Steele
Page 2

3.  Beginning on or about January 1, 2006 and continuing through May 15, 2006, I have experienced on or more incidents of sexual harassment in Respondent's workplace from Stephen McElrath (male), Respondent's Postal Supervisor.  During this period of time, McElrath has engaged in numerous actions which I perceived to be sexually offensive and harassing, such as engaging in inappropriate touching activities; by attempting to hug me; by making verbal statements,  such as I didn't know that you had such groceries back there; or, I'd leave my wife for you; you look good in those jeans, and other numerous comments which I believe to be offensive, derogatory and unprofessional.

4.  I stated my objections to McElrath that I perceived his actions to be sexually offensive and that I wanted him to stop, but McElrath failed to refrain from his negative, sexually offensive, unprofessional behavior.

5.  I then notified Mary Warner (female), Respondent's Human Resources Representative, about McElrath's activities towards me, and sought her assistance in eliminating McElrath's behavior. Warner responded by stating that she would talk to Respondent's general manager about it, but failed to take any other action to have Respondent's supervisor  cease and desist from engaging in his negative activity.

6.  Respondent's actions have created a work environment which has become egregious, hostile, and offensive, and has affected my ability to perform the essential duties of my job.

II.   A.   ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT MAY 12, 2006 AND CONTINUING THROUGH MAY 15, 2006, BECAUSE OF MY RACE, BLACK.

B.   PRIMA FACIE ALLEGATIONS

1.   My race is black.

(Continued)

Charge Number: 2006CF3078
Erica Willis Steele
Page 3

2.  I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

3.  Beginning on or about May 12, 2006 and continuing through May 15, 2006 I was harassed by Jerry Vance (white), Respondent's Operations Manager, and Bill Banks (black), Respondent's General Manager. Vance and Banks would verbally harass me by making statements, such as you people need to get together and get that office together; prohibits me from eating at my desk; verbally admonish me about the way I perform my duties, and they have engaged in other actions which I have perceived to be negative, unprofessional, and harassing.

4.  I believe that there have been other, similarly situated, non-black customer service representatives, such as Kathy Zabrowski and others, that have levels of work performance which is similar to mine, but they were not being harassed in Respondent's workplace as I have been.

III.  A.  ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT MAY 12, 2006 AND CONTINUING THROUGH MAY 15, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE.

B.  PRIMA FACIE ALLEGATIONS

1.  On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

2.  Beginning on or about May 12, 2006 and continuing through May 15, 2006 I was harassed by Jerry Vance, Respondent's Operations Manager, and Bill Banks, Respondent's General Manager. Vance and Banks would

(Continued)

Charge Number: 2006CF3078
Erica Willis Steele
Page 4

verbally harass me by making statements, such as you people need to get together and get that office together; prohibits me from eating at my desk; verbally admonish me about the way I perform my duties, and they have engaged in other actions which I have perceived to be negative, unprofessional, and harassing.

3.   Respondent's actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

IV.   A.   ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT MAY 12, 2006, BECAUSE OF MY RACE, BLACK.

B.   PRIMA FACIE ALLEGATIONS

1.   My race is black.

2.   I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

3.   On or about May 12, 2006, I received a written disciplinary warning from Stephen B. McElrath (black), Respondent's Postal Supervisor.  McElrath's documentation states that I was issued the written disciplinary warning allegedly for not following proper work procedures.  I did not engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

4.   I believe that there have been other, similarly situated, non-black customer service representatives, such as Kathy Zabrowski and others, that have levels of work performance which is similar to mine, but they were not issued a written disciplinary action for their failure to follow proper work procedures.

V.   A.   ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT MAY 12, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE.

(Continued)

Charge Number:  2006CF3078
Erica Willis Steele
Page 5

B.    PRIMA FACIE ALLEGATIONS

1.    On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

2.    On or about May 12, 2006, I received a written disciplinary warning from Stephen B. McElrath, Respondent's Postal Supervisor. McElrath's documentation states that I was issued the written disciplinary warning allegedly for not following proper work procedures. I did not engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

3.    Respondent's actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

VI.    A.    ISSUE/BASIS

THREE (3) DAY SUSPENSION, ON OR ABOUT MAY 15, 2006, BECAUSE OF MY RACE, BLACK.

B.    PRIMA FACIE ALLEGATIONS

1.    My race is black.

2.    I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

3.    On or about May 15, 2005, I was issued a three (3) day suspension from Stephen McElrath (black), Respondent's Postal Supervisor. McElrath's written document states that I was issued the suspension because I allegedly falsified company documents. I did not engage in any acts of willful misconduct which merited the issuance of any three (3) day suspension.

(Continued)

Charge Number: 2006CF 3078
Erica Willis Steele
Page 6

4.  I believe that there have been other, similarly situated, non-black customer service representatives, such as Kathy Zabrowski and others, that have levels of work performance which is similar to mine, that have either been accused of, or have engaged in acts of falsifying Respondent's documents, but they were not issued a written disciplinary notice issuing them a three (3) day suspension for falsification of company documents.

## VII.  A.  ISSUE/BASIS

THREE (3) DAY SUSPENSION, ON OR ABOUT MAY 15, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE.

### B.  PRIMA FACIE ALLEGATIONS

1.  On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

2.  On or about May 15, 2005, I was issued a three (3) day suspension from Stephen McElrath, Respondent's Postal Supervisor.  McElrath's written document states that I was issued the suspension because I allegedly falsified company documents.  I did not engage in any acts of willful misconduct which merited the issuance of any three (3) day suspension.

3.  Respondent's actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

ACF/JJT/RCG

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br><br>(06W0517-11A) | ☒ IDHR<br><br>☐ EEOC | 2006CF3078 |

### Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.)<br>**Ms. Erica Willis Steele** | HOME TELEPHONE (include area code)<br>(815) 372-2299 |
|---|---|

| STREET ADDRESS<br>14126 Faulkner Court | CITY, STATE AND ZIP CODE<br>Plainfield, IL. 60544 | DATE OF BIRTH |
|---|---|---|

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)**

| NAME<br>**APL Logistics** | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE<br>(815) 372-1963 |
|---|---|---|

| STREET ADDRESS<br>715 Theodore Court | CITY, STATE AND ZIP CODE<br>Romeoville, IL. 60549 | COUNTY<br>Will (197) |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON:<br><br>**Retaliation** | DATE OF DISCRIMINATION<br><br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>05/22/06<br>☐ CONTINUING ACTION |
|---|---|

**THE PARTICULARS ARE** (if additional space is needed attach extra sheets)

<u>AMENDMENT I</u>

This charge is being amended to add Issue VIII.

VIII.   A.   **ISSUE/BASIS**

**SUSPENSION – MAY 22, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE**

B.   **PRIMA FACIE ALLEGATIONS**

1. On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

(Continued)

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br><br>_(signature)_   5/23/06<br>NOTARY SIGNATURE        MONTH DATE-YEAR |
|---|---|
| "OFFICIAL SEAL"<br>RAQUEL C. GUERRA<br>Notary Public, State of Illinois<br>My Commission Expires 4/12/2008<br>NOTARY SEAL | X _Erica Steele_   5-23-06<br>SIGNATURE OF COMPLAINANT   DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

Charge Number:  2006CF3078
Erica Willis Steele
Page 2

2. On May 18, 2006, I again engaged in a protected activity when I filed this charge of discrimination opposing that which I reasonably and in good faith believed to be sexual harassment.

3. On May 19, 2006, when I reported to work, within the hour Stephen McElrath, Respondent's Postal Supervisor, sent me home.  Before I left Respondent's facility I provided Mary Warner, Respondent's Human Resources Representative, a copy of my discrimination charge.

4. On May 22, 2006, I returned to work and was immediately informed by McElrath, that I was suspended pending termination for being insubordinate, not answering any work related questions asked and calling him a liar.  These accusations are untrue and are in retaliation for filing my discrimination charge.

5. The adverse action followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

MEE/RCG

# Exhibit "B"

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Erica Steele
14126 Faulkner Court
Plainfield, Illinois 60544

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL #: 7003 3110 0004 0947 4023

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-01800 | Armernola P. Smith, State & Local Coordinator | (312) 886-5973 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
District Director

RECEIVED July 6, 2007
(Date Mailed)

JUL - 9 2007

ERNEST ROSSIELLO & ASSOCIATES, P.C.

Enclosures(s)

cc: APL LOGISTICS
715 Theodore Court
Romeoville, IL 60549

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

ERICA WILLIS STEELE,                          )
                                              )
        Plaintiff,                        )
                                              )        07 L        673
vs.                                           )   No.
                                              )
APL LOGISTICS, and STEPHEN                    )
MCELRATH, Individually and as Agent           )
and Servant of APL LOGISTICS                  )
                                              )
        Defendant.                       )
                                              )

## <u>AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)</u>

      MARK A. LICHTENWALTER, being first duly sworn on oath, and pursuant to Supreme Court Rule 222(b), deposes and says that the total money damages sought in the above captioned cause exceeds Seventy-Five Thousand ($75,000.00) Dollars.

                                          MARK A. LICHTENWALTER

SUBSCRIBED AND SWORN to before
me this 4th day of October , 2007.


_____
     NOTARY PUBLIC

"OFFICIAL SEAL"
Kristen Mireles
Notary Public, State of Illinois
My Commission Expires March 30, 2010

Mark A. Lichtenwalter – 06280473
SPESIA, AYERS & ARDAUGH
1415 Black Road
Joliet, IL 60435
(815) 726-4311

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

ERICA WILLIS STEELE,                    )
                                        )
                Plaintiff,              )        07 L   673
                                        )
vs.                                     )        No.
                                        )
APL LOGISTICS, and STEPHEN              )
MCELRATH, Individually and as Agent     )
and Servant of APL LOGISTICS            )
                                        )
                Defendant.              )
                                        )

**JURY DEMAND
TWELVE MAN JURY**

The undersigned demands a jury trial.

_____
MARK A. LICHTENWALTER

Mark A. Lichtenwalter, #6280473
SPESIA, AYERS & ARDAUGH
1415 Black Road
Joliet, IL  60435
(815) 726-4311

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

ERICA WILLIS STEELE,               )
                                   )
      Plaintiff,                    )
                                   )
vs.                                )    **07** No. **L**    **673**
                                   )
APL LOGISTICS, and STEPHEN         )
MCELRATH, Individually and as Agent )
and Servant of APL LOGISTICS       )
                                   )
      Defendant.                    )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ERICA WILLIS STEELE, by her attorneys, SPESIA,

AYERS & ARDAUGH, and for her Complaint At Law against the Defendants, APL

LOGISTICS, and STEPHEN MCELRATH, Individually and as Agent and Servant of APL

LOGISTICS, states as follows:

### INTRODUCTION

1.    Plaintiff, ERICA WILLIS STEELE (hereinafter "STEELE"), was and

continues to be a resident of Will County, Illinois at all times relevant to this Complaint.

2.    Defendant, APL LOGISTICS (hereinafter "APL"), owns and operates a

Warehouse Management Services branch located at 715 Theodore Court, Romeoville,

Illinois in Will County, Illinois.  The allegations contained in this Complaint took place at

715 Theodore Court, Romeoville, Illinois.

3.    STEELE, a female, was employed as a Customer Service Representative

with APL from January 24, 2005 until June 9, 2006.

4.    STEPHEN MCELRATH (hereinafter "MCELRATH"), was an APL

employee and STEELE's immediate supervisor during this time period.

Initial case management set for

1-22-08 _____ at: _9_ am

5.     Beginning on or about January 1, 2006, and continuing through May 15, 2006, STEELE was subjected to harassment by MCELRATH in the form of unwanted physical contact with Plaintiff's person, derogatory comments regarding Plaintiff's appearance, and requests for sexual favors.

6.     Upon each act of harassment by MCELRATH, STEELE immediately objected to his behavior, expressed that she was offended by the behavior, and demanded that he stop at once.

7.     On information and belief, despite STEELE's objection, MCELRATH continued to harass her, offering to influence promotions, pay raises, and other employment privileges available to STEELE in exchange for sexual favors.

8.     On information and belief, APL did not have or distribute employee handbooks and had no known sexual harassment policy in place for employees to follow.

9.     On or about January 27, 2006, STEELE complained of MCELRATH'S continuing unwanted sexual advances to the appropriate Human Resources Department of APL, and asked to be moved to a different department or location in the company. No action was taken by APL to correct the situation.

10.     When the sexual harassment of STEELE continued, STEELE filed her Complaint of Civil Rights Violation with the Illinois Human Rights Commission and the Equal Employment Opportunity Commission on May 23, 2007. [Exhibit "A"]

11.     The Equal Employment Opportunity Commission mailed a Notice of Right to Sue on July 6, 2007, giving STEELE the right to file suit in state or federal court under Title VII of the Civil Rights Act of 1964. [Exhibit "B"]

2

## COUNT I:  QUID PRO QUO SEXUAL HARASSMENT
## (STEPHEN MCELRATH, Individually and as Agent of APL Logistics)

1-11.   Plaintiff STEELE repeats and re-alleges Paragraphs 1-11 as Paragraphs 1-11 of Count I as though fully stated herein.

12.    As STEELE's supervisor, MCELRATH had a duty to provide a workplace free of sexual harassment for his employees.

13.    MCELRATH breached his duty as a supervisor to STEELE by exposing her to unwanted sexual harassment, as described, *infra*.

14.    On information and belief, during STEELE's employment, MCELRATH continuously subjected STEELE to harassment of a sexual nature, and offered to make privileges of employment, such as promotions and pay raises, available to STEELE in exchange for sexual favors.

15.    On information and belief, STEELE's submission to or rejection of MCELRATH's sexual advances provided the basis for employment decisions regarding her position.

WHEREFORE, the Plaintiff, ERICA WILLIS STEELE, respectfully requests this Court enter judgment in her favor and against the Defendants, APL LOGISTICS, and STEPHEN MCELRATH, Individually and as agent for APL LOGISTICS, for damages in excess of $75,000, fees and costs of suit, and any other relief this Court finds just and equitable.

## COUNT II: HOSTILE ENVIRONMENT SEXUAL HARASSMENT
## (APL LOGISTICS)

1-15.   Plaintiff STEELE repeats and re-alleges Paragraphs 1-15 as Paragraphs 1-15 of Count II as though fully stated herein.

3

16.    APL has a duty to provide and maintain a workplace such that no hostile environment exists for its employees.

17.    APL breached this duty by failing to remedy a known situation of sexual harassment, as described, *infra*.

18.    After being subjected to continuing unwelcome verbal and physical sexual harassment by MCELRATH, STEELE became afraid to attend work because the environment had become permeated with regular unwanted harassment.

19.    In order to avoid the intimidating work environment, STEELE began to use a number of her sick and personal days.

20.    At the onset of the harassment, STEELE immediately sought out a company policy regarding the correction of sexual harassment and was unable to locate any such procedure; therefore, STEELE reasonably requested a solution from APL's Human Resources Department.

21.    After STEELE formally complained to the Human Resources Department of APL, APL had actual knowledge of the harassment and had a duty to take all necessary steps to eliminate the harassment.

22.    APL breached its duty to respond and remedy the situation when it took absolutely no action in response to STEELE's complaint, thus allowing the sexual advances and intimidating working environment to continue and then escalate.

23.    MCELRATH, an agent of APL, informed many of STEELE's male and female co-workers of the action STEELE had taken against him.  Soon after STEELE's co-workers were verbally notified of the sexual harassment complaint, they acted out

4

against STEELE, harassing her and refusing to associate with her, adding to the hostile working environment for STEELE.

WHEREFORE, the Plaintiff, ERICA WILLIS STEELE, respectfully requests this Court enter judgment in her favor and against the Defendants, APL LOGISTICS, and STEPHEN MCELRATH, Individually and as agent for APL LOGISTICS, for damages in excess of $75,000, fees and costs of suit, and any other relief this Court finds just and equitable.

### COUNT III: GENDER DISCRIMINATION
### (APL LOGISTICS)

1-23.   Plaintiff STEELE repeats and re-alleges Paragraphs 1-23 as Paragraphs 1-23 of Count III as though fully stated herein.

24.   According to the Illinois Human Rights Act, APL has a duty to provide a workplace which is free from discrimination with regards to hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, and privileges or conditions of employment on the basis of gender.  735 ILCS 5/1-102 (2004).

25.   APL breached this duty by failing to prevent the harassment of and discrimination against STEELE on the basis of her gender, as described, *infra*.

26.   At all times relevant to this Complaint, STEELE is a female who satisfactorily performed her duties as a Customer Service Representative at APL.

27.   Despite adequately meeting all employment requirements, STEELE experienced unwelcome verbal and physical conduct of a sexual nature by her male supervisor because of her sex.

5

28.    On information and belief, employment opportunities in the form of promotions or raises were conditional to STEELE on the basis of her sex, and were solely offered to her in exchange for her participation in acts of a sexual nature.

29.    On information and belief, these employment opportunities were not offered on a conditional basis for STEELE's male co-workers, who received promotions or raises on some basis other than sex or gender.

WHEREFORE, the Plaintiff, ERICA WILLIS STEELE, respectfully requests this Court enter judgment in her favor and against the Defendants, APL LOGISTICS, and STEPHEN MCELRATH, Individually and as agent for APL LOGISTICS, for damages in excess of $75,000, fees and costs of suit, and any other relief this Court finds just and equitable.

Respectfully submitted,

SPESIA, AYERS & ARDAUGH

BY: _____

Attorney for Plaintiff

Mark A. Lichtenwalter - #06280473
SPESIA, AYERS & ARDAUGH
1415 Black Road
Joliet, Illinois 60435
(815)726-4311

6

# Exhibit "A"

(Rev. 9/17/04) IHRC003

STATE OF ILLINOIS

HUMAN RIGHTS COMMISSION

IN THE MATTER OF:

_Erica L. Steele_ )
_____ )
Complainant(s),) )
and )
)
_APL Logistics_ )
_____ )
Respondent(s).) )

RECEIVED
MAY 2 3 2007
HUMAN RIGHTS COMMISSION
_____

CHARGE NO: _2006 CF 3018_
EEOC NO: _____
ALS NO: _____

DEPT. OF HUMAN RIGHTS
SWITCHBOARD
MAY 2 3 2007

COMPLAINT OF CIVIL RIGHTS VIOLATION

1)   My name is: _Erica L. Steele_

2)   The name of the Respondent is: _APL Logistics_

3)   I filed a Charge of discrimination against the Respondent with the Illinois Department of Human
     Rights on _5-18-2006_ . [A copy of your verified Charge should be submitted with
     this Complaint.]

4)   The Respondent violated the Human Rights Act in the following way: [State precisely how the
     Respondent violated the Human Rights Act. Give names, dates, places, etc. State which part of the
     Human Rights Act was violated (for example, there was discrimination based on race, religion,
     national origin, etc.). If you desire, you may attach the copy of your Charge, and incorporate it by
     reference. If you wish to make the Charge part of this Complaint, please check the following box and
     attach the copy of the Charge.] ☑

## VERIFICATION

I do hereby swear or affirm that the facts set out in this Complaint of Civil Rights Violation are true.

*Erica L. Steele*
_____
Complainant

Subscribed and sworn to before me on this **03** day of **May**, 200 **7**.

*Julie A. Terlep*
_____
Notary Public

**"OFFICIAL SEAL"**
Julie A. Terlep
Notary Public, State of Illinois
My Commission Exp. 08/23/2009

## SERVICE

I ask that the Commission serve a copy of the Complaint in this case on the Respondent by sending it to:

APL LOGISTICS
_____

who is the Manager/Human Resources
_____
(Insert the official title of the person)

of/for Respondent. His/Her address is: 715 Theodore Court
Romeoville, IL 60549
_____

**\*\*\*\*\*\*\*\*\*\***

[Please note:    YOU MUST TAKE A COPY OF YOUR COMPLAINT TO THE DEPARTMENT OF HUMAN RIGHTS AND GIVE IT TO THE DEPARTMENT ON THE SAME DAY YOU FILE YOUR COMPLAINT WITH THE COMMISSION. IN CHICAGO, THE DEPARTMENT IS LOCATED ON THE TENTH FLOOR OF THE THOMPSON CENTER.]

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement<br>before completing this form.<br><br>(06W0517-11) | AGENCY<br><br>☒ IDHR<br><br>☐ EEOC | CHARGE NUMBER<br><br>2006CF3078 |
|---|---|---|

**Illinois Department of Human Rights and EEOC**

| NAME (indicate Mr. Ms. Mrs.)<br>**Ms. Erica Willis Steele** | HOME TELEPHONE (include area code)<br>(815) 372-2299 | |
|---|---|---|
| STREET ADDRESS<br>**14126 Faulkner Court** | CITY, STATE AND ZIP CODE<br>**Plainfield, IL. 60544** | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>**APL Logistics** | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE<br>(815) 372-1963 | |
|---|---|---|---|
| STREET ADDRESS<br>**715 Theodore Court** | CITY, STATE AND ZIP CODE<br>**Romeoville, IL. 60549** | | COUNTY<br>**Will (197)** |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>**Race      Retaliation** | DATE OF DISCRIMINATION<br><br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br>**05/15/06**<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I.    A.    **ISSUE/BASIS**

            **SEXUAL HARASSMENT, BEGINNING ON OR ABOUT JANUARY 2, 2006 AND CONTINUING THROUGH MAY 15, 2006.**

    B.    **PRIMA FACIE ALLEGATIONS**

        1.    **My sex is female.**

        2.    **I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.**

**(Continued)**

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br><br>_signature_ 5/18/06<br>NOTARY SIGNATURE    MONTH DATE-YEAR |
|---|---|
| "OFFICIAL SEAL"<br>RAQUEL C. GUERRA<br>Notary Public, State of Illinois<br>My Commission Expires 4/12/2008<br><br>NOTARY SEAL | X _Erica S. Steele_    5-18-2006<br>SIGNATURE OF COMPLAINANT    DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

Charge Number: 2006CF3078
Erica Willis Steele
Page 2

3. Beginning on or about January 1, 2006 and continuing through May 15, 2006, I have experienced on or more incidents of sexual harassment in Respondent's workplace from Stephen McElrath (male), Respondent's Postal Supervisor. During this period of time, McElrath has engaged in numerous actions which I perceived to be sexually offensive and harassing, such as engaging in inappropriate touching activities; by attempting to hug me; by making verbal statements, such as I didn't know that you had such groceries back there; or, I'd leave my wife for you; you look good in those jeans, and other numerous comments which I believe to be offensive, derogatory and unprofessional.

4. I stated my objections to McElrath that I perceived his actions to be sexually offensive and that I wanted him to stop, but McElrath failed to refrain from his negative, sexually offensive, unprofessional behavior.

5. I then notified Mary Warner (female), Respondent's Human Resources Representative, about McElrath's activities towards me, and sought her assistance in eliminating McElrath's behavior. Warner responded by stating that she would talk to Respondent's general manager about it, but failed to take any other action to have Respondent's supervisor cease and desist from engaging in his negative activity.

6. Respondent's actions have created a work environment which has become egregious, hostile, and offensive, and has affected my ability to perform the essential duties of my job.

II.  A.  ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT MAY 12, 2006 AND CONTINUING THROUGH MAY 15, 2006, BECAUSE OF MY RACE, BLACK.

B.  PRIMA FACIE ALLEGATIONS

1.  My race is black.

(Continued)

Charge Number: 2006CF3078
Erica Willis Steele
Page 3

2.  I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

3.  Beginning on or about May 12, 2006 and continuing through May 15, 2006 I was harassed by Jerry Vance (white), Respondent's Operations Manager, and Bill Banks (black), Respondent's General Manager. Vance and Banks would verbally harass me by making statements, such as you people need to get together and get that office together; prohibits me from eating at my desk; verbally admonish me about the way I perform my duties, and they have engaged in other actions which I have perceived to be negative, unprofessional, and harassing.

4.  I believe that there have been other, similarly situated, non-black customer service representatives, such as Kathy Zabrowski and others, that have levels of work performance which is similar to mine, but they were not being harassed in Respondent's workplace as I have been.

III.  A.  ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT MAY 12, 2006 AND CONTINUING THROUGH MAY 15, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE.

B.  PRIMA FACIE ALLEGATIONS

1.  On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

2.  Beginning on or about May 12, 2006 and continuing through May 15, 2006 I was harassed by Jerry Vance, Respondent's Operations Manager, and Bill Banks, Respondent's General Manager. Vance and Banks would

(Continued)

Charge Number: 2006CF3078
Erica Willis Steele
Page 4

verbally harass me by making statements, such as you people need to get together and get that office together; prohibits me from eating at my desk; verbally admonish me about the way I perform my duties, and they have engaged in other actions which I have perceived to be negative, unprofessional, and harassing.

3.   Respondent's actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

IV.  A.   ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT MAY 12, 2006, BECAUSE OF MY RACE, BLACK.

B.   PRIMA FACIE ALLEGATIONS

1.   My race is black.

2.   I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

3.   On or about May 12, 2006, I received a written disciplinary warning from Stephen B. McElrath (black), Respondent's Postal Supervisor. McElrath's documentation states that I was issued the written disciplinary warning allegedly for not following proper work procedures. I did not engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

4.   I believe that there have been other, similarly situated, non-black customer service representatives, such as Kathy Zabrowski and others, that have levels of work performance which is similar to mine, but they were not issued a written disciplinary action for their failure to follow proper work procedures.

V.   A.   ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT MAY 12, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE.

(Continued)

Charge Number: 2006CF3078
Erica Willis Steele
Page 5

B.   PRIMA FACIE ALLEGATIONS

1.   On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

2.   On or about May 12, 2006, I received a written disciplinary warning from Stephen B. McElrath, Respondent's Postal Supervisor. McElrath's documentation states that I was issued the written disciplinary warning allegedly for not following proper work procedures. I did not engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

3.   Respondent's actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

VI.   A.   ISSUE/BASIS

THREE (3) DAY SUSPENSION, ON OR ABOUT MAY 15, 2006, BECAUSE OF MY RACE, BLACK.

B.   PRIMA FACIE ALLEGATIONS

1.   My race is black.

2.   I have satisfactorily performed my duties as a Customer Service Representative, and have been employed with Respondent since January 24, 2005.

3.   On or about May 15, 2005, I was issued a three (3) day suspension from Stephen McElrath (black), Respondent's Postal Supervisor. McElrath's written document states that I was issued the suspension because I allegedly falsified company documents. I did not engage in any acts of willful misconduct which merited the issuance of any three (3) day suspension.

(Continued)

Charge Number: 2006CF 3078
Erica Willis Steele
Page 6

4.    I believe that there have been other, similarly situated, non-black customer service representatives, such as Kathy Zabrowski and others, that have levels of work performance which is similar to mine, that have either been accused of, or have engaged in acts of falsifying Respondent's documents, but they were not issued a written disciplinary notice issuing them a three (3) day suspension for falsification of company documents.

VII.  A.  ISSUE/BASIS

THREE (3) DAY SUSPENSION, ON OR ABOUT MAY 15, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE.

B.    PRIMA FACIE ALLEGATIONS

1.    On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

2.    On or about May 15, 2005, I was issued a three (3) day suspension from Stephen McElrath, Respondent's Postal Supervisor. McElrath's written document states that I was issued the suspension because I allegedly falsified company documents. I did not engage in any acts of willful misconduct which merited the issuance of any three (3) day suspension.

3.    Respondent's actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

ACF/JJT/RCG

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br><br>(06W0517-11A) | AGENCY<br><br>☒ IDHR<br><br>☐ EEOC | CHARGE NUMBER<br><br>2006CF3078 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.)<br>**Ms. Erica Willis Steele** | HOME TELEPHONE (include area code)<br>(815) 372-2299 |
|---|---|

| STREET ADDRESS<br>14126 Faulkner Court | CITY, STATE AND ZIP CODE<br>Plainfield, IL. 60544 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>APL Logistics | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE<br>(815) 372-1963 |
|---|---|---|

| STREET ADDRESS<br>715 Theodore Court | CITY, STATE AND ZIP CODE<br>Romeoville, IL. 60549 | COUNTY<br>Will (197) |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON:<br><br>**Retaliation** | DATE OF DISCRIMINATION<br><br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>05/22/06<br>☐ CONTINUING ACTION |
|---|---|

**THE PARTICULARS ARE** (if additional space is needed attach extra sheets)

<u>AMENDMENT I</u>

This charge is being amended to add Issue VIII.

VIII.  A.    ISSUE/BASIS

SUSPENSION – MAY 22, 2006, IN RETALIATION FOR HAVING COMPLAINED ABOUT SEXUAL HARASSMENT IN RESPONDENT'S WORKPLACE

B.    PRIMA FACIE ALLEGATIONS

1.    On or about January 27, 2006, I engaged in a protected activity when I complained to Mary Warner, Respondent's Human Resources Representative, about being sexually harassed in Respondent's workplace by Stephen McElrath, a member of Respondent's management.

(Continued)

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br><br>_(signature)_ 5/23/06<br>NOTARY SIGNATURE        MONTH DATE-YEAR |
|---|---|
| "OFFICIAL SEAL"<br>RAQUEL C. GUERRA<br>Notary Public, State of Illinois<br>My Commission Expires 4/12/2008<br>NOTARY SEAL | X _Erica Steele_        5-23-06<br>SIGNATURE OF COMPLAINANT        DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

Charge Number: 2006CF3078
Erica Willis Steele
Page 2

2.  On May 18, 2006, I again engaged in a protected activity when I filed this charge of discrimination opposing that which I reasonably and in good faith believed to be sexual harassment.

3.  On May 19, 2006, when I reported to work, within the hour Stephen McElrath, Respondent's Postal Supervisor, sent me home.  Before I left Respondent's facility I provided Mary Warner, Respondent's Human Resources Representative, a copy of my discrimination charge.

4.  On May 22, 2006, I returned to work and was immediately informed by McElrath, that I was suspended pending termination for being insubordinate, not answering any work related questions asked and calling him a liar.  These accusations are untrue and are in retaliation for filing my discrimination charge.

5.  The adverse action followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

MEE/RCG

# Exhibit "B"

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To:   Erica Steele<br>14126 Faulkner Court<br>Plainfield, Illinois 60544<br><br>CERTIFIED MAIL #: 7003 3110 0004 0947 4023 | From:   Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

☐   On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-01800 | **Armernola P. Smith,**<br>**State & Local Coordinator** | **(312) 886-5973** |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X]   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
**District Director**

JUL - 9 2007

ERNEST T. ROSSIELLO
& ASSOCIATES, P.C.

(Date Mailed)

July 6, 2007

Enclosures(s)

cc:    APL LOGISTICS
715 Theodore Court
Romeoville, IL 60549