IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA WILLIS STEELE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) Case No. 07C-6440 |
| | ) |
| APL LOGISTICS, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT APL LOGISTICS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, APL Logistics Warehouse Management Services, Inc. (improperly named as APL Logistics)("APL"), and in support of its Motion for Summary Judgment on Counts I and II of Plaintiff's Complaint states as follows:

## INTRODUCTION

Plaintiff was employed by APL from January 2005 until she quit her employment in June 2006. During her employment with APL, Plaintiff contends that former APL employee Stephen McElrath sexually harassed her on a daily basis from December 2005 to April 2006 and asserted that several witnesses will support her claims. Plaintiff's claims are utterly untrue, and (should this matter go to trial), the testimony of the witnesses will demonstrate that Plaintiff concocted her allegations of sexual harassment only after she was disciplined by APL for poor work performance and falsifying her time records. However, for purposes of this Motion for Summary Judgment only, APL will accept Plaintiff's assertions as true. Because Plaintiff's allegations do not rise to the level of sexual harassment as a matter of law, Defendant APL is entitled to judgment on both Counts of Plaintiff's Complaint.

1

**BACKGROUND**

APL provides third party logistical and warehousing services and maintains a facility in Romeoville, Illinois, where Plaintiff was employed. Plaintiff originally worked for APL as a temporary employee and was hired as a Customer Service Representative in January, 2005. Plaintiff resigned her employment on June 9, 2006.

On May 18, 2006, after she was given written discipline for poor work performance and suspended for falsifying her time card, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights alleging that she was subjected to sexual harassment.[1]

On October 4, 2007 Plaintiff filed a three-count Complaint in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois alleging that she was subjected to *quid pro quo* sexual harassment by her purported supervisor, Stephen McElrath (Count I), hostile environment sexual harassment (Count II), and gender discrimination (Count III).

On November 14, 2007 this matter was removed to this Court. The alleged harasser, Stephen McElrath ("McElrath"), was voluntarily dismissed from Count I on January 10, 2008. On January 28, 2008 Count III was dismissed due to lack of subject matter jurisdiction.

APL denies all of Plaintiff's allegations and moves the Court for Summary Judgment on Counts I and II of Plaintiff's Complaint, the sole remaining counts.

**I.    APPLICABLE LAW**

In order to survive summary judgment, the non-moving party must make a sufficient showing of evidence for each essential element of its case for which it bears the burden at trial. Kampmier v. Emeritus Corp., 472 F.3d 930 (7th Circuit 2007), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, L.Ed.2d 265 (1986). To avoid summary judgment,

---

[1] Plaintiff's charge also alleged that she had been subjected to racial harassment and retaliation, allegations which are not part of the Complaint and which are not at issue in the instant case.

Plaintiff must produce "more than a mere scintilla of evidence to support her position that a genuine issue of material fact exists" and "must set forth specific facts that demonstrate a genuine issue of triable fact." Walko v. Academy of Business & Career Development, LLC, 493 F.Supp.2d 1042 (N.D. Il 2006), citing Pugh v. City of Attica, 259 F.3d 619, 625 (7th Cir. 2001).

    A.    Quid Pro Quo Sexual Harassment

To succeed on her *quid pro quo* sexual harassment claim, Plaintiff is required to establish that: (1) that she is a member of a protected group; (2) the sexual advances were unwelcome; (3) the harassment was sexually motivated; (4) the employee's reaction to the supervisor's advances affected a tangible aspect of her appointment; and (5) *respondeat superior* has been established. Marchioni v. Board of Educ. Of City of Chicago, 341 F.Supp.2d 1036 (N.D. Ill. 2004), citing Bryson v. Chicago State Univ., 96 F.3d 912, 915 (7th Circuit 1996).

    B.    Hostile Environment Sexual Harassment

To succeed on her hostile work environment claim, Plaintiff is required to establish that: (1) she was subjected to unwelcome sexual harassment; (2) the harassment was based on her sex; (3) the sexual harassment unreasonably interfered with her work performance by creating an intimidating, hostile or offensive work environment that seriously affected her psychological well-being; and (4) there is a basis for employer liability. McPherson v. City of Waukegan, 379 F.3d 430 (7th Circuit 2004), citing Robinson v. Sappington, 351 F.3d 317, 329-29 (7th Circuit 2003).

The standards governing liability of an employer for sexual harassment of a subordinate by a supervisor were established by the Supreme Court in Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed2d 633 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d (1998). Molnar v. Booth, 229 F.3d 593 (7th Circuit

2000), citing Ellerth and Faragher, *supra*. For vicarious liability purposes, the Supreme Court abandoned the prior distinctions between *quid pro quo* and hostile environment harassment and established a test that distinguishes between cases in which the supervisor takes a tangible employment action against a subordinate and those cases in which no tangible employment action is taken. Molnar v. Booth, 229 F.3d 593 at 599-600, citing Ellerth and Faragher, *supra*.

II.     **APL IS ENTITLED TO JUDGMENT ON BOTH COUNTS OF PLAINTIFF'S COMPLAINT AS A MATTER OF LAW.**

The entirety of the conduct to which Plaintiff asserts she was subjected is contained in Defendant's Statement of Uncontested Fact Number 20 A-K. Even if Plaintiff's allegations are taken as true, the conduct at issue is either innocuous (e.g. telling Plaintiff that she "looks good"), not sufficiently severe (e.g. referring to Plaintiff's "groceries") nor pervasive (e.g. 2 – 4 attempts to hug and a single reference to private parts) to constitute actionable sexual harassment as a matter of law. This is especially true given both that Plaintiff admits that the alleged harassment ended prior to the time she left her employment with APL and that she and the alleged harasser had pet names for each other, with her referring to her alleged harasser as "Sugar Foot" and the alleged harasser calling her "Gorgeous."

Plaintiff's own deposition testimony refutes the allegations in her Complaint and defeats her claims for *quid pro quo* and hostile environment sexual harassment.

A.     APL is entitled to judgment on Count I of Plaintiff's Complaint as a matter of law because Plaintiff admittedly did not suffer a "tangible employment action."

In order for Plaintiff to succeed on her *quid pro quo* claim, she must have suffered a tangible employment action. Examples of tangible employment actions include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other incidents that

4

might be unique to a particular situation." Molnar v. Booth, 229 F.3d 593 at 600, citing Ellerth 524 U.S. at 761, 118 S.Ct. 2257. See also Savino v. C.P. Hall Co., 199 F.3d 925 (7th Circuit 1999)("a tangible employment action has to cause a substantial detriment to the plaintiff's employment relationship.")

Plaintiff admitted in deposition that she did not suffer a tangible employment action. Plaintiff testified that she worked for APL as a regular employee for 18 months, received a raise at the same time that her coworkers received their raises, that there were no promotions available at APL during her employment, and admitted that she knew that the alleged harasser did not have the authority to determine whether or not she received a raise. (Depo., 116-117) **In fact, Plaintiff admitted that she was never denied a raise or promotion that she believes she should have received**. (Depo. at 119) (emphasis added.) "A promise for a promotion in exchange for sexual favors only constitutes *quid pro quo* harassment if a promotion actually was available and the plaintiff was qualified for the promotion." Jackson v. County of Racine, 474 F.3d 493, 501 (7th Circuit 2001). Thus, Plaintiff's claims for *quid pro quo* sexual harassment fail as a matter of law and APL is entitled to judgment on Count I of the Complaint.

    B.    APL is entitled to judgment on Count II of Plaintiff's Complaint because Plaintiff's allegations fail to state a claim for hostile environment sexual harassment as a matter of law.

        1.    The conduct alleged by Plaintiff was not "severe or pervasive."

In order for Plaintiff's sexual harassment claim to be actionable, the harassment "must be sufficiently severe or pervasive 'to alter the conditions of [her] employment and create an abusive working environment.'" Weiss v. Coca-Cola Bottling Co. of Chicago, 990 F.2d 333 (7th Circuit 1993), citing Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986).

In Weiss (in which summary judgment was granted to the employer), Plaintiff alleged that her supervisor had asked her out on dates, called her a "dumb blond", put his hand on her shoulder several times, placed "I love you" signs in her work area, attempted to kiss her in a bar, and twice attempted to kiss her in the office. The Seventh Circuit Court of Appeals found that the incidents were relatively isolated, and even if the allegations were true, did not meet the standard for actionable sexual harassment. Weiss v. Coca-Cola Bottling Co. of Chicago, 990 F.2d 333 at 337. See also Scott v. Sears, Roebuck & Co., 798 F.2d 210, 211-214 (7th Cir. 1986) (summary judgment was granted for the employer where Plaintiff was subjected to propositions, lewd comments, and slapped on the buttocks). Id. at 337.

In Saxton v. American Tel. & Tel. Co., 10 F.3d 526 (7th Cir. 1993), the Seventh Circuit Court of Appeals affirmed summary judgment for the employer in a case where the plaintiff alleged that her supervisor put his hand on her leg above the knee several times, rubbed his hand along her upper thigh, pulled plaintiff into a doorway and kissed her, and while walking and lurched at the plaintiff from behind some bushes as if he was going to grab her. Again, these actions were neither severe enough nor pervasive enough to constitute actionable sexual harassment.

Similarly, in Baskerville v. Culligan Int'l Co., the court overturned a jury verdict in favor of the plaintiff who had alleged hostile work environment in which her employer had called her a "pretty girl" over the course of seven months; made grunting noises when she left his office wearing a leather skirt; told plaintiff his office did not get hot until she stepped inside; joked that "all pretty girls [should] run around naked"; stated that his wife told him he "better think of [her] as Anita Hill; and once made gestures suggesting masturbation. Baskerville v. Culligan Int'l Co., 50 F.3d 428 at 430.

As the Seventh Circuit stated in Saxton v. American Tel. & Tel., Co., 10 F.3d 526 (7th Cir. 1993):

> Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment-an environment that a reasonable person would find hostile or abusive-is beyond Title VII's purview. Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is not a Title VII violation.

Id. at 534, citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 114 S.Ct. 367, 370-71, 126 L.Ed.2d 295 (1993).

In this regard, Courts must also distinguish between a "merely unpleasant" versus "hostile or deeply repugnant" work environment:

> On one side [of the line] lie sexual assaults; other physical contact, whether amorous or hostile, for which there is no consent express or implied; uninvited sexual solicitations; intimidating words or acts; obscene language or gestures; pornographic pictures…[o]n the other side lies the occasional vulgar banter, tinged with sexual innuendo, of coarse or boorish workers.

Hostetler v. Quality Dining, Inc., 218 F.3d 798, 806 (7th Circuit 2000)(quoting Baskerville v. Culligan Int'l Co., 50 F.3d 428, 430-31.

In this case, Plaintiff's allegations do not rise to the level of actionable sexual harassment as a matter of law.

To further demonstrate the lack of severity and pervasiveness of the conduct alleged with this case, in deposition Plaintiff testified that she and the sole alleged harasser (former defendant Stephen McElrath) referred to each other by pet names ("Gorgeous" and Sugar Foot" respectively) during the course of her employment and that the alleged harassment ceased in April, 2006. The specific circumstances of Plaintiff's working environment and relationship with McElrath certainly have a bearing on whether McElrath's alleged conduct constituted actionable

7

sexual harassment (see Robinson v. Sappington, 351 F.3d 317 (7th Cir. 2003)), and further undercuts Plaintiff's allegation that she was subjected to severe and pervasive sexual harassment.

Even if all of Plaintiff's allegations are true, the alleged conduct does not rise to the level of being sufficiently severe or pervasive to support a claim for sexual harassment. Weiss v. Coca-Cola Bottling Co. of Chicago, 990 F.2d 333; Baskerville v. Culligan Int'l Co., 50 F.3d 428, 430-31; Scott v. Sears, Roebuck & Co., 798 F.2d 210, 211-214 (7th Cir. 1986). While the comments that Plaintiff alleges McElrath made would be inappropriate (if they were made), they fall into the category of "occasional vulgar banter, tinged with sexual innuendo, of coarse or boorish workers" and do not constitute actionable sexual harassment as a matter of law. Hostetler v. Quality Dining, Inc., 218 F.3d 798. In addition, while Plaintiff may argue that her work environment was subjectively hostile, the alleged conduct does not rise to the level of being objectively hostile as a matter of law. Saxton v. American Tel. & Tel., Co., 10 F.3d 526.

### III. PLAINTIFF WAS NOT CONSTRUCTIVELY DISCHARGED AS A RESULT OF THE ALLEGED SEXUAL HARASSMENT.

Plaintiff admitted that the alleged sexual harassment ended in April 2006. (Depo. at 41) Plaintiff admitted in deposition that she did not quit her employment with APL in June 2006 as a result of the alleged sexual harassment. (Depo. at 71)

### CONCLUSION

Because Plaintiff's claims of *quid pro quo* and hostile environment sexual harassment fail as a matter of law, summary judgment should be granted in favor of APL on the remaining Counts I and II of Plaintiff's Complaint.

Respectfully submitted,


BOBROFF, HESSE,
  LINDMARK & MARTONE, P.C


By:___/s/ Andrew J. Martone_____
Andrew J. Martone #06203524
1650 Des Peres Road, Suite 200
St. Louis, MO  63131
(314) 862-0300 - Telephone
(314) 862-7010 – Facsimile
E-mail  andymartone@bobroffhesse.com


And


_____/s/ John K. Kallman_____
John K. Kallman #1387006
221 North LaSalle Street, Suite 1200
Chicago, IL 60601
(314) 578-1515


Attorneys for Defendant
APL Logistics Warehouse Management
Services, Inc.

9

I certify that a copy of the forgoing was served on:

 Mark A. Lichtenwalter #6280473
Tricia M. Pellegrini #6293540
SPESIA, AYERS & ARDAUGH
1415 Black Road
Joliet, IL 60435
(815) 726-4311

via email and U.S. mail on June 18, 2008.

BOBROFF, HESSE,  LINDMARK & MARTONE, P.C

By:     /s/ Andrew J. Martone

      Andrew J. Martone #06203524
      1650 Des Peres Road, Suite 200
      St. Louis, MO  63131
      (314) 862-0300 - Telephone
      (314) 862-7010 – Facsimile
      E-mail  andymartone@bobroffhesse.com