IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERICA WILLIS STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | Case No. 07C-6440 |
| | ) | |
| APL LOGISTICS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATEMENT OF UNCONTESTED MATERIAL FACTS**

**I.    Parties, Jurisdiction and Venue**

1. The Plaintiff in this matter is Erica Willis Steele, a citizen of Illinois. (Complaint at 1.)

2. Defendant, APL Logistics Warehouse Management Services (incorrectly named as APL Logistics) is a Florida corporation. (Defendant's Notice of Removal at 10.)

3. Jurisdiction and venue are appropriate in this matter as this Court has subject matter jurisdiction based on federal question jurisdiction as Plaintiff has set forth claims under Title VII (28 U.S.C. §1332), there is complete diversity between the parties (28 U.S.C. §1332(a)), and all of the events giving rise to the claim occurred in this district. (28 U.S.C. §1391(a)(2)). (Defendant's Notice of Removal at 7, 8.)

**II.   Documentary Evidence**

4. Attached hereto as composite <u>Exhibit A</u> are the true and accurate copies of excerpts from the deposition of Plaintiff Erica Steele taken on May 1, 2008 (hereinafter referred to as "Depo.") and the Exhibits from Plaintiff's deposition.

5. Attached hereto as composite <u>Exhibit B</u> are the true and accurate copies of excerpts from Plaintiff's Answers to Defendant's First Set of Interrogatories.

### III. <u>Background</u>

6. Plaintiff Erica Willis Steele ("Plaintiff") worked at APL Logistics ("APL") as a regular employee from January, 2005 to June 9, 2006. (Exhibit B, #2(a); Depo. at 8.)

7. On May 15, 2006, Plaintiff received a written warning which stated that Plaintiff had not followed proper work procedures. (Depo. at 76-77; Exhibit A, Exhibit 5 to Plaintiff's deposition.)

8. In her deposition, Plaintiff testified that her work that was the subject of the written warning labeled as "Deposition Exhibit 5" was incorrect, but that the mistakes weren't her fault. (Depo. at 76-77.)

9. On May 15, 2006, Plaintiff received a written warning and a suspension which stated that she had falsified her time records. (Depo. at 77-78; Exhibit A, Exhibit 3 to Plaintiff's deposition.)

10. In deposition, Plaintiff testified that she was late to work on May 12, 2006, the date at issue in the suspension at issue in Deposition Exhibit 3. (Depo. at 80.)

11. Plaintiff testified in deposition that she received the suspension and attendant discipline because the general manager of the facility, Bill Banks, was mad at her for missing a meeting because she was late. (Depo. at 131, 136.)

12. On May 18, 2006, after she received Deposition Exhibits 3 and 5, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") ("Charge"). (Depo. at 95; Exhibit A; Exhibit 2 to Plaintiff's deposition.)

13.    Plaintiff testified in deposition that she filed the Charge because she was disciplined by APL. (Depo. at 95.)

14.    Plaintiff received written discipline on May 22, 2006 which stated that she had been insubordinate to Stephen McElrath ("McElrath") on May 19, 2006. (Exhibit A, Exhibit 4 to Plaintiff's deposition.)

15.    Plaintiff testified in deposition that she and McElrath had a verbal altercation on May 19, 2006 and that McElrath sent her home on that date. (Depo. at 129, 134-135.)

16.    Plaintiff testified in deposition that McElrath notified her that she would be disciplined before she presented the Company with a copy of the Charge. (Depo. at 138-140.)

17.    The Charge of Discrimination Plaintiff filed with the Illinois Human Rights Commission on May 18, 2006 alleges that Plaintiff was subjected to sexual harassment, racial harassment, and retaliation. (Exhibit A; Plaintiff's Depo. Exh. 2.)

**IV.    Plaintiff's Allegations of Sexual Harassment**

18.    Plaintiff testified in her deposition that she did not experience any sexual harassment from January, 2005 through November, 2005. (Depo. at 8, 19-20)

19.    In her deposition, Plaintiff identified "every way" that she was sexually harassed while she was working at APL. (Depo. at 23.)

20.    In her deposition, Plaintiff's allegations of sexual harassment consisted of the following:

    A.    Plaintiff testified that McElrath would tell her how good she looked. (Depo. at 9.)

    B.    Plaintiff testified that McElrath would tell her that she had "nice groceries back there." (Depo. at 9.)

        C.       Plaintiff testified that McElrath referred to Plaintiff by the pet name of "Gorgeous." (Depo. at 9.)

        D.       Plaintiff testified that McElrath would ask Plaintiff to "go out" and "do something."  (Depo. at 9.)

        E.       Plaintiff testified that McElrath told Plaintiff that "I would leave my wife for you." (Depo. at 9.)

        F.       Plaintiff testified that McElrath attempted to hug her on three to four occasions between December 2005 and April 2006. (Depo. at 15.)

        G.       Plaintiff testified that, on one occasion, McElrath allegedly told her "I bet you have a nice-sized private part" using the term "monkey." (Depo. at 22.)

        H.       Plaintiff testified that McElrath allegedly told Plaintiff's coworkers that she had a birthmark on her leg. (Depo. at 200.)

        I.       Plaintiff testified that McElrath allegedly told Plaintiff that he could make Plaintiff's husband leave her by telling him that she was cheating. (Depo. at 200.)

        J.       Plaintiff testified that McElrath asked Plaintiff to "go to the hotel" and "let me take you out". (Depo. at 117.)

        K.       Plaintiff testified that McElrath told Plaintiff "I'll give you a raise, all right. You know what you have to do." (Depo. at 117.)

21.     Plaintiff testified in deposition that she disliked McElrath because she believed he had an annoying personality. (Depo. at 42-43.)

22.     Plaintiff testified in deposition that she regularly referred to McElrath by the pet name "Sugarfoot". (Depo. at 11-12.)

23. Plaintiff testified in her deposition that the alleged sexual harassment ended in April, 2006. (Depo. at 41.)

24. Plaintiff testified in her deposition that she was not sexually harassed in May or June, 2006. (Depo. at 40-41.)

25. Plaintiff testified in deposition that she did not quit because of sexual harassment. (Depo. at 71.)

26. Plaintiff testified in her deposition that McElrath did not have the authority to give her raises. (Depo. at 118.)

27. Plaintiff testified in her deposition that she was not denied any raises or promotions she should have received while she was employed at APL. (Depo. at 119.)

28. Plaintiff testified in her deposition that she filed her Charge of Discrimination because she was disciplined on May 12, 2006 and May 15, 2006. (Depo. at 95.)

29. Plaintiff testified in her deposition that she presented a copy of her Charge of Discrimination to APL on May 19, 2006, after she was suspended for insubordination. (Depo. at 138-139.)

        Respectfully submitted,

        BOBROFF, HESSE,
        LINDMARK & MARTONE, P.C

by:   /s/ Andrew J. Martone
      Andrew J. Martone #06203524
      1650 Des Peres Road, Suite 200
      St. Louis, MO  63131
      (314) 862-0300 - Telephone
      (314) 862-7010 – Facsimile
      E-mail  andymartone@bobroffhesse.com

      and

        /s/ John K. Kallman
        John K. Kallman #1387006
        221 North LaSalle Street, Suite 1200
        Chicago, IL 60601
        (314) 578-1515

        Attorneys for Defendant APL Logistics Warehouse
        Management Services, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2008, the foregoing was filed electronically with the Clerk of Court to be served by via email and via operation of the Court's electronic filing system upon:

| | |
|---|---|
| Mark A. Lichtenwalter, Esq. | Ms. Tricia M. Pelligrini |
| Spesia, Ayers & Ardaugh | Spesia, Ayers & Ardaugh |
| 1415 Black Road | 1415 Black Road |
| Joliet, IL 60435 | Joliet, IL 60435 |
| mlichtenwalter@spesia-ayers.com | tpellegrini@spesia-ayers.com |

   /s/ Andrew J Martone